# EXHIBIT 1

# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into effective June 1, 2018, ("Effective Date") by and between ELNA SEFCOVIC, LLC, JUHAN LP, and ROY ROYALTY, INC. (the "Plaintiffs"), on behalf of themselves and a class of similarly situated royalty and overriding royalty owners (defined as the "Class" in Section 1 below), and TEP ROCKY MOUNTAIN LLC ("TEP"), a Delaware limited liability company. Plaintiffs and TEP may each be referred to as a "Party" or collectively as "the Parties."

## RECITALS

A.      Plaintiffs, the Class, and TEP own interests in oil and natural gas produced in the Piceance Basin located in northwestern Colorado.  Plaintiffs and the Class own royalty and/or overriding royalty interest in this production, and TEP owns working interests in this production.  TEP also operates the wells from which the oil and natural gas is produced and sold.

B.      Plaintiffs, the Class, and TEP are parties to a class-action settlement agreement approved by the District Court of Garfield County, Colorado in a case styled *Ivo Lindauer v. Williams Production RMT Co.*, 2006 CV 0317 (Garfield County District Court) (the "*Lindauer* Settlement").  The *Lindauer* Settlement resolved the parties' dispute over the calculation and payment of royalties and overriding royalties on the production of natural gas and associated liquids, and also set forth a methodology for calculating and paying some or all of these royalties and overriding royalties after the effective date of the settlement.  The *Lindauer* Settlement was approved by the Garfield County District Court on March 20, 2009.

C.      On July 18, 2017, Plaintiffs sued TEP in the District Court for the City and County of Denver, Colorado (Case No. 2017 CV 32575) for allegedly calculating their royalties and overriding royalties in a manner that was inconsistent with the *Lindauer* Settlement and/or contrary to the underlying royalty instruments.  Plaintiffs brought their claims on behalf of themselves and a class of similarly situated royalty and overriding royalty owners who were parties to the *Lindauer* Settlement (or their successors).  The case was removed to federal court on August 17, 2017, and styled *Elna Sefcovic, LLC, et al. v. TEP Rocky Mountain LLC*, Case No. 17-cv-01990-MSK-MEH (the "Civil Action").  TEP denied that it underpaid Plaintiffs' royalties and overriding royalties.

D.      Over the past ten months, Plaintiffs and TEP have been engaged in extensive information discovery and data production relevant to TEP's payment of royalties and overriding royalties since July 1, 2011.  Plaintiffs' attorneys ("Class Counsel") and TEP's attorneys have engaged experienced royalty accounting experts to assist in reviewing the data, analyzing the relevant costs allocated to royalty owners, and determining the amounts at issue in the case.  Class Counsel and TEP's attorneys also have engaged in extensive discussions between counsel and their accounting experts to evaluate the information and negotiate a full and final resolution of their dispute in order to avoid the cost, time, and uncertainty of continued litigation.

**EXHIBIT 1**

## AGREEMENT

1.     <u>Joint Motion for Class Certification</u>:  Within seven (7) days of executing this Agreement, Plaintiffs and TEP will file the Joint Motion for Settlement Class Certification and Preliminary Approval of Class Action Settlement Agreement (the "Joint Motion") in the form attached as <u>Exhibit A</u>.  The Joint Motion shall seek certification of the following class (the "Class"):

> all persons and entities to whom TEP has paid royalties and/or overriding royalties, and deducted post-production costs from those royalties and/or overriding royalties, including owners whose royalties currently are held in suspense, since July 1, 2011, on natural gas production from any well subject to the oil and gas lease agreements which the settling parties in the *Lindauer* Settlement identified as Category 2, Category 3, Category 5, and Category 11 instruments.

The Joint Motion shall seek certification of the following four subclasses (the "Subclasses") that together compose the Class:

> <u>Subclass 1</u>:  Elna Sefcovic, LLC, and all persons and entities to whom TEP has paid royalties, and deducted post-production costs from those royalties, including owners whose royalties currently are held in suspense, since July 1, 2011, on natural gas production from any well subject to the oil and gas lease agreements which the settling parties in the *Lindauer* Settlement identified as either Category 2 or Category 3 royalty instruments.

> <u>Subclass 2</u>:  Juhan, LP, and all persons and entities to whom TEP has paid royalties and/or overriding royalties, and deducted post-production costs from those royalties and/or overriding royalties, including owners whose royalties currently are held in suspense, since July 1, 2011, on natural gas production from any well subject to the oil and gas lease agreements which the settling parties in the *Lindauer* Settlement identified as Category 5 instruments, and that currently are identified by TEP as Category 5 instruments.

> <u>Subclass 3</u>:  Roy Royalty, Inc., and all persons and entities to whom TEP has paid royalties and/or overriding royalties, and deducted post-production costs from those royalties and/or overriding royalties, including owners whose royalties currently are held in suspense, since July 1, 2011, on natural gas production from any well subject to the oil

and gas lease agreements which the settling parties in the *Lindauer* Settlement identified as Category 11 instruments, and that currently are identified by TEP as Category 11 instruments.

Subclass 4: Juhan, LP, and all persons and entities to whom TEP has paid royalties and/or overriding royalties, and deducted post-production costs from those royalties and/or overriding royalties, including owners whose royalties currently are held in suspense, since July 1, 2011, on natural gas production from any well subject to the oil and gas lease agreements which the settling parties in the *Lindauer* Settlement identified as Category 5 or 11 instruments, but that currently are not identified by TEP as exclusively Category 5 or Category 11 instruments.

The Joint Motion also shall seek certification of the proposed class settlement set forth in this Agreement. The Parties shall cooperate with one another and make their best efforts to obtain certification of the settlement class and subclasses, and approval of this Agreement.

2. Settlement Amount. Within fourteen (14) days of the date of the entry of the Preliminary Approval Order, as defined in Section 3(c) below, TEP shall deposit a total of Ten Million Twenty-Five Thousand Three Hundred Eight Dollars ($10,025,308.00) in an interest-bearing account at BOKF, NA (the "Escrow Account"), to be held by BOKF, NA as the escrow agent (the "Escrow Agent"). The total shall represent payment to Plaintiffs and the Class in order to resolve all claims through the Effective Date of this Agreement (the "Settlement Amount") as follows:

Subclass 1: $454,845.00.

Subclass 2: $5,787,732.00.

Subclass 3: $1,157,145.00.

Subclass 4: $2,625,587.00.

3. Preliminary Approval Hearing and Distribution Schedule:

a. As soon as practicable after the filing of the Joint Motion, the Parties shall seek to set a hearing with the Court (the "Preliminary Approval Hearing").

b. Prior to the Preliminary Approval Hearing, the Parties will cooperate on the preparation of a distribution schedule identifying the distribution of the payments identified in Section 2 above to individual members of the Subclasses (the "Preliminary Distribution Schedule").

- 3 -

c.      At the Preliminary Approval Hearing, the Parties will request that the Court preliminarily approve this Agreement, certify the Class and Subclasses as settlement classes, order notice to be mailed to the Class in the form attached as <u>Exhibit B</u>. The Parties will submit a proposed order in the form attached as <u>Exhibit C</u> (the "Preliminary Approval Order").  The Parties also will request that the Court set a Final Fairness Hearing.

4.      <u>Notice to Class</u>.

a.      Within 7 days after the Court enters the Preliminary Approval Order, Class Counsel shall mail notice to the Class in the form attached as <u>Exhibit B</u>.  The notice shall set a deadline for parties to request to exclude themselves from the Class (the "Opt Out Deadline") and to object to this Agreement (the "Objection Deadline").

b.      TEP will cooperate with Class Counsel to provide addresses for the members of the Class to facilitate mailing the notice.

c.      Neither the Opt Out Deadline nor the Objection Deadline will be extended without the written consent of all Parties.

d.      Class Counsel shall provide TEP with weekly reports on the names of owners requesting to exclude themselves from the Class and this Agreement.  Within 7 days after the Opt Out Deadline, Plaintiffs shall submit to the Court a list of the names of owners requesting to exclude themselves from the Class and this Agreement.

e.      Within 7 days after the Opt Out Deadline, Plaintiffs and TEP shall instruct the Escrow Agent to distribute to TEP that portion of the Settlement Amount identified on the Preliminary Distribution Schedule attributable to those owners who have requested to exclude themselves from the Class in this Settlement Agreement.

5.      <u>Final Approval and Distribution</u>.

a.      Assuming that the Agreement has not terminated for any other reason (as described in Section 11 below), Plaintiffs and TEP will prepare a joint motion for final approval of the Agreement and to address any objections received prior to the Objection Deadline.

b.      Along with the joint motion for final approval, Plaintiffs will prepare a final schedule for distributing the Settlement Amount (the "Final Distribution Schedule") to the Class that eliminates owners requesting to exclude themselves from the Class and the Agreement and adjusts the distribution to account for attorneys' fees and costs requested by Plaintiffs pursuant to Section 10 below.  Plaintiffs will submit the Final Distribution Schedule along with the motion for final approval of the Agreement.

c.      Provided that the Court enters an Order and Judgment approving of the Agreement and Final Distribution Schedule without modification, and upon entry of a

final non-appealable judgment (whether after appeal or after the deadline to appeal the Court's Order and Judgment has expired) (the "Approval Event"), Class Counsel shall distribute payment to the owners consistent with the Final Distribution Schedule within fourteen (14) days after the Approval Event (the "Final Distribution").

        d.    With respect to any Settlement Class members whose royalties currently are held in suspense by TEP, Class Counsel shall distribute their share of the Final Distribution to TEP, which shall deposit such share in the owners' respective suspense account. Class Counsel shall distribute all necessary tax documents for Settlement Class members whose royalties currently are held in suspense, including but not limited to Form 1099s required by the Internal Revenue Service. TEP will provide Class Counsel with tax identification numbers for such Settlement Class members.

        e.    Within ninety (90) days after the Final Distribution, Class Counsel shall submit a report to the Court identifying all Class members who have not yet cashed the checks sent to them by Class Counsel, including a list of Class members whose checks have been returned as undeliverable. Class Counsel then shall have ninety (90) days to identify more current addresses and resend new checks to these Class members. TEP shall reasonably cooperate with Class Counsel to identify better addresses for affected Class members. Any portion of the Final Distribution unclaimed after one-hundred fifty (150) days after the date Class Counsel resends the checks to the affected Class members shall be returned to TEP.

        f.    Plaintiffs and the Settlement Class members shall be responsible for filing any tax returns and for paying any taxes that may be due on their proportionate share of the Final Distribution. Class Counsel shall distribute all necessary tax documents to the Settlement Class members, including but not limited to Form 1099s required by the Internal Revenue Service. TEP will provide Class Counsel with tax identification numbers for such Settlement Class members. TEP shall have no liability or responsibility for paying any taxes with respect to amounts paid under this Agreement.

        6.    <u>Release</u>. Upon the Approval Event, Plaintiffs and the Class release TEP and its predecessors (including but not limited to WPX Energy Inc., WPX Energy Holdings LLC, and their respective predecessors), successors, assigns, and its past, present and future officers, directors, affiliates, employees, agents, servants, and representatives (collectively, the "TEP Released Parties") from any and all liabilities, rights, claims, demands, obligations, damages (including claims for or award of costs and/or expenses, court costs and attorneys' fees), losses, causes of action in law or in equity arising from the calculation and/or payment of royalties and/or overriding royalties to Plaintiffs and the Class on the sale of natural gas, natural gas liquids, and associated hydrocarbons prior to the Effective Date (collectively, the "Class' Released Claims").

        TEP releases Plaintiffs and the Class, as well as their predecessors, successors, assigns, and its past, present and future officers, directors, affiliates, employees, agents, servants, and representatives (collectively, the "Class Released Parties") from any and all liabilities, rights, claims, demands, obligations, damages (including claims for or award of

costs and/or expenses, court costs and attorneys' fees), losses, causes of action in law or in equity arising from the calculation and/or payment of royalties and/or overriding royalties to Plaintiffs and the Class on the sale of natural gas, natural gas liquids, and associated hydrocarbons prior to the Effective Date (collectively, "TEP's Released Claims"). Notwithstanding the foregoing, neither the Class' Released Claims nor TEP's Released Claims shall include adjustments to prior royalty payments made by TEP in the ordinary course of business, as described in Section 9(b), 9(c), or 9(d) below.

7.    Covenant Not to Sue. The Parties, for themselves and their officers, directors, agents, joint venturers, partners, members, parents, subsidiaries, affiliates, insurers, heirs, legal representatives, successors and assigns, covenant and agree that they will not commence, participate in, prosecute, or cause to be commenced or prosecuted against the other Party or any of the TEP Released Parties or Class Released Parties, any action or other proceeding based upon any of the TEP Released Claims or Class' Released Claims released by the parties pursuant to this Agreement.

8.    Unknown Facts. The Parties and the Class acknowledge that they may hereafter discover facts different from or in addition to those which they now know to be or believe to be true with respect to the Class' Released Claims and TEP's Released Claims and/or the damages and injuries suffered, and the releases contained herein shall be and remain effective in all respects, notwithstanding such difference or additional facts or the discovery thereof. Each Party expressly undertakes and assumes the risk that this Agreement was made on the basis of mistake, mutual or unilateral. The Parties expressly understand and agree that the signing of this Agreement will be forever binding on them and the Class, and that no rescission, modification, or release of any Party or Class member from the terms of this Agreement will be made because of any mistakes in this Agreement.

9.    Royalties Paid After the Effective Date and Adjustments to Royalties Paid Prior to the Effective Date.

a.    With respect to royalties paid to Subclass 1 members after the Effective Date, *i.e.*, under instruments classified as Category 2 and Category 3 under the *Lindauer* Settlement, TEP shall be entitled: (1) to deduct a proportionate share of those members' gathering and fuel costs; (2) to deduct transportation costs as set forth in Paragraph 4.5 of the Lindauer Settlement Agreement; and (3) to account for the value of natural gas liquids ("NGLs") as set forth in Paragraphs 4.4 and 4.6 of the *Lindauer* Settlement Agreement.

b.    TEP shall be entitled to recoup any overpayments made to Class members prior to the Effective Date as a result of not deducting allowable post-production costs. Such adjustments shall be made by TEP in the ordinary course of business.

c.    With respect to royalties paid to Class members before and after the Effective Date, TEP shall be entitled to make any retroactive adjustments (whether positive or negative) to royalties and overriding royalties based on additional accounting

information received in the ordinary course of business, provided that such adjustments are consistent with the *Lindauer* Settlement.

   d. With respect to royalties paid to Subclass 4 members after the Effective Date, TEP shall undertake the following:

    i. TEP shall have the right to undertake an analysis of the interests of Subclass 4 members to determine whether such interests should be classified as Category 5 or Category 11 pursuant to the *Lindauer* Settlement;

    ii. Unless and until TEP determines that any interest of a Subclass 4 member should be classified as Category 5, TEP shall calculate and pay royalties to such members on that interest consistent with the methodology applicable to Category 11 interests under the *Lindauer* Settlement;

    iii. TEP's analysis shall be completed within six months after the Approval Event.  Subject to paragraph 8(d)(iv), if TEP classifies an interest of a Subclass 4 member as a Category 5 interest, then TEP shall be entitled to perform a prior period adjustment to recover allowable processing costs for royalties paid after the Effective Date.

    iv. TEP shall provide Class Counsel with a list of any Subclass 4 members whose interests are classified as Category 5, and an explanation as to the reason for the classification.  Class Counsel shall have the right to object to TEP's classification within fourteen (14) days of receiving the list from TEP, and Class Counsel and TEP will confer in an attempt to resolve their difference(s).  If the Parties cannot resolve their differences, they will present the issue to the Court for resolution.

    v. Royalties paid on any interest of a Subclass 4 member that is not classified by TEP as a Category 5 interest within six months after the Approval Event will continue to be calculated consistent with the methodology applicable to Category 11 interests under the *Lindauer* Settlement.

   e. With respect to all royalties paid to the Class after the Effective Date, TEP shall make all adjustments to its accounting system necessary to pay royalties consistent with the *Lindauer* Settlement and Section 9(a) and (d) within sixty (60) days after the Approval Event.  TEP shall make any necessary prior period adjustments to conform to this Section 9(e) in the first accounting month after such adjustment is implemented.  Upon completion of the adjustments, TEP shall provide Class Counsel with notice as well as an accounting of such adjustments.

  10. <u>Fees and Costs</u>.

   a. Class Counsel shall apply to the Court for (i) reimbursement of their reasonable litigation expenses; (ii) reimbursement of expenses associated with administering this Agreement, including compensation to the Escrow Agent as provided

by Section III(5) of the parties' Escrow Agreement; (iii) a reasonable incentive award in the amount of Five Thousand Dollars ($5,000) for each of the Named Plaintiffs; and (iv) an award of attorneys' fees of up to one-third (1/3rd) of the Settlement Amount after reduction of (i) and (ii) above. Such award and reimbursements shall be paid out of the Settlement Amount.

b. TEP shall take no position regarding the award of fees and reimbursement of expenses. TEP will bear its own costs. TEP will have no obligation to bear the costs, fees, or expenses of the Class or Class Counsel.

c. This Agreement is not contingent upon the Court's approval of Class Counsel's application for attorneys' fees and reimbursement of expenses.

11. <u>Conditions and Termination Events</u>.

a. This Agreement is conditioned upon the non-occurrence of the following events, and shall immediately terminate upon the occurrence of any of the following events:

i. The Court denies the entry of the Preliminary Approval Order substantially in the form attached as <u>Exhibit C</u>;

ii. The Court denies the entry of an Order and Judgment approving this Agreement;

iii. The Approval Event is not achieved; or

iv. Greater than twenty percent (20%) of the Class members request to exclude themselves from the Class and this Agreement, unless TEP waives this requirement in writing. For purposes of this Section 10(d), 20% shall be measured by (i) 20% of the total number of owners in the Class identified on the Preliminary Distribution Schedule, or (ii) 20% of the Settlement Amount attributable to owners requesting to exclude themselves, as identified on the Preliminary Distribution Schedule.

b. Upon the occurrence of any of the events described in Section 11(a):

i. this Agreement shall terminate;

ii. the Escrow Agent shall immediately distribute all of the Settlement Amount to TEP;

iii. any Order and/or Judgment entered pursuant to this Agreement shall be vacated, certification of the Class shall be vacated, and the litigation shall proceed as if this Agreement had never been executed; and

- 8 -

iv.     the Agreement may not be used in this action or otherwise for any purpose, including whether the case should be certified as a class action pursuant to Fed. R. Civ. P. 23.

12.     <u>Continued Effect of the *Lindauer* Settlement</u>.  Except as provided in this Agreement, the terms of the *Lindauer* Settlement shall remain in full force and effect.

13.     <u>Dismissal With Prejudice</u>:  Upon the occurrence of the Approval Event, Plaintiffs, the Class, and TEP shall be deemed to have dismissed the Civil Action with prejudice.

14.     <u>Other Matters</u>.

a.     Nothing in this Agreement shall be construed as an admission by or on behalf of any Party of any wrongful acts or liabilities whatsoever.

b.     The Parties represent and warrant to one another that the individual who executes this Agreement has the right and legal authority to execute such document on behalf of the Party for whom it acts, and that the Party has not sold, assigned, conveyed or otherwise disposed of or transferred to another entity or individual any of such Party's Released Claims.

c.     The Parties expressly acknowledge that they have had the opportunity to consult additional professionals of their choice, including lawyers, accountants, and others regarding any and all damages, losses, costs, expenses, liabilities, claims and the consequences thereof, of whatsoever kind and nature, which they may have incurred or which they may or will incur, whether suspected or unsuspected, known or unknown, foreseen or unforeseen.  The Parties have relied upon their own counsel's advice in entering into this Agreement and not upon the advice of any other Party's counsel.

d.     The Parties and their counsel have mutually contributed to the preparation of this Agreement and the Exhibits hereto.  No provision of this Agreement or the Exhibits shall be construed for or against any Party because that Party or its counsel drafted the provision.  No Party has made any representation, promise or agreement of any kind to do or refrain from doing any act or thing or pay any money or other consideration not expressly set forth herein.

e.     All of the Exhibits to this Agreement are material and integral parts hereto, and the Exhibits are fully incorporated herein by reference.

f.     This Agreement may be amended or modified only by a written agreement signed by or on behalf of the Parties or their successors in interest.

g.       This Agreement may be executed in any number of counterparts, each of which when so executed shall constitute in the aggregate but one and the same document. Facsimile signatures and/or signatures transmitted by electronic mail shall be valid and binding as original signatures.

h.       This Agreement constitutes the complete Agreement between the Parties relating to the subject matter hereof, and there are no written or oral understandings or agreements directly or indirectly connected with this Agreement that are not incorporated herein. Any prior negotiations, correspondence or understandings related to the subject matter of this Agreement shall be deemed to be merged into this Agreement.

i.       The provisions of this Agreement shall, where possible, be interpreted in a manner to sustain their legality and enforceability, except that the provisions of this Agreement cannot be severed, and rendering any portion of the Agreement to be unenforceable shall render the entire Agreement to be unenforceable.

j.       This Agreement and its Exhibits shall be construed and interpreted under the laws of the State of Colorado.

k.       This Settlement Agreement and its Exhibits shall be binding upon, and inure to the benefit of, the Parties' and the Class' successors and assigns.

The Parties hereby execute this Agreement this 8th day of August, 2018, effective as of the Effective Date

**Elna Sefcovic, LLC**                          **Roy Royalty, Inc.**

_Elna Sefcovic, LLC_                          _____

By: _Debra A Anderson_                    By: _____

Title: _Operations Manager_              Title: _____

**Juhan LP**                                         **TEP Rocky Mountain LLC**

_____                          _____

By: _____                    By: _____

Title: _____                  Title: _____

- 10 -

g. This Agreement may be executed in any number of counterparts, each of which when so executed shall constitute in the aggregate but one and the same document. Facsimile signatures and/or signatures transmitted by electronic mail shall be valid and binding as original signatures.

h. This Agreement constitutes the complete Agreement between the Parties relating to the subject matter hereof, and there are no written or oral understandings or agreements directly or indirectly connected with this Agreement that are not incorporated herein. Any prior negotiations, correspondence or understandings related to the subject matter of this Agreement shall be deemed to be merged into this Agreement.

i. The provisions of this Agreement shall, where possible, be interpreted in a manner to sustain their legality and enforceability, except that the provisions of this Agreement cannot be severed, and rendering any portion of the Agreement to be unenforceable shall render the entire Agreement to be unenforceable.

j. This Agreement and its Exhibits shall be construed and interpreted under the laws of the State of Colorado.

k. This Settlement Agreement and its Exhibits shall be binding upon, and inure to the benefit of, the Parties' and the Class' successors and assigns.

The Parties hereby execute this Agreement this 8th day of August, 2018, effective as of the Effective Date

**Elna Sefcovic, LLC**                                    **Roy Royalty, Inc.**


_____          _____

By:_____          By:_____

Title: _____          Title: _____


**Juhan LP**                                             **TEP Rocky Mountain LLC**

_____          _____

By: Kathryn C. Juhan                                    By:_____

Title: General Partner                                    Title: _____


- 10 -

g.      This Agreement may be executed in any number of counterparts, each of which when so executed shall constitute in the aggregate but one and the same document. Facsimile signatures and/or signatures transmitted by electronic mail shall be valid and binding as original signatures.

h.      This Agreement constitutes the complete Agreement between the Parties relating to the subject matter hereof, and there are no written or oral understandings or agreements directly or indirectly connected with this Agreement that are not incorporated herein. Any prior negotiations, correspondence or understandings related to the subject matter of this Agreement shall be deemed to be merged into this Agreement.

i.      The provisions of this Agreement shall, where possible, be interpreted in a manner to sustain their legality and enforceability, except that the provisions of this Agreement cannot be severed, and rendering any portion of the Agreement to be unenforceable shall render the entire Agreement to be unenforceable.

j.      This Agreement and its Exhibits shall be construed and interpreted under the laws of the State of Colorado.

k.      This Settlement Agreement and its Exhibits shall be binding upon, and inure to the benefit of, the Parties' and the Class' successors and assigns.

The Parties hereby execute this Agreement this 8th day of August, 2018, effective as of the Effective Date

**Elna Sefcovic, LLC**                    **Roy Royalty, Inc.**

By:_____            By:_____

Title:_____            Title:_____

**Juhan LP**                              **TEP Rocky Mountain LLC**

By:_____            By:_____

Title:_____            Title:_____

- 10 -

g.      This Agreement may be executed in any number of counterparts, each of which when so executed shall constitute in the aggregate but one and the same document.  Facsimile signatures and/or signatures transmitted by electronic mail shall be valid and binding as original signatures.

h.      This Agreement constitutes the complete Agreement between the Parties relating to the subject matter hereof, and there are no written or oral understandings or agreements directly or indirectly connected with this Agreement that are not incorporated herein.  Any prior negotiations, correspondence or understandings related to the subject matter of this Agreement shall be deemed to be merged into this Agreement.

i.      The provisions of this Agreement shall, where possible, be interpreted in a manner to sustain their legality and enforceability, except that the provisions of this Agreement cannot be severed, and rendering any portion of the Agreement to be unenforceable shall render the entire Agreement to be unenforceable.

j.      This Agreement and its Exhibits shall be construed and interpreted under the laws of the State of Colorado.

k.      This Settlement Agreement and its Exhibits shall be binding upon, and inure to the benefit of, the Parties' and the Class' successors and assigns.

The Parties hereby execute this Agreement this 8th day of August, 2018, effective as of the Effective Date

**Elna Sefcovic, LLC**                          **Roy Royalty, Inc.**


_____          _____

By:_____          By:_____

Title: _____          Title: _____



**Juhan LP**                                     **TEP Rocky Mountain LLC**


_____          *Michael S. Land*

By:_____          By:__ Michael S. Land _____

Title: _____          Title: _ President and CEO _____

**APPROVED:**

**Counsel for Plaintiffs and Class**          **Counsel for TEP Rocky Mountain LLC**

Law Offices of George A. Barton, P.C.          _____

By: _____          By: _____

**APPROVED:**

Counsel for Plaintiffs and Class          Counsel for TEP Rocky Mountain LLC

_____          _____

By: _____      By: Christopher A. Chrisman, Holland & Hart LLP

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01990-MSK-MEH

ELNA SEFCOVIC, LLC, JUHAN, LP, and ROY
ROYALTY, INC., individually and on behalf of all
others individually situated,

        Plaintiffs,

v.

TEP ROCKY MOUNTAIN LLC,

        Defendant.

---

**JOINT MOTION FOR ORDER (1) PRELIMINARILY APPROVING
CLASS SETTLEMENT, (2) PROVISIONALLY CERTIFYING OPT-OUT
SETTLEMENT CLASS, (3) APPROVING NOTICE TO CLASS MEMBERS, (4)
ESTABLISHING OPT OUT AND OBJECTION PROCEDURES, AND (5) SETTING A
FINAL HEARING DATE TO CONSIDER FINAL APPROVAL OF THE CLASS
SETTLEMENT, ATTORNEYS' FEES, EXPENSES, AND INCENTIVE AWARDS**

---

Plaintiffs Elna Sefcovic, LLC ("Sefcovic"), Juhan, LP ("Juhan"), and Roy Royalty, Inc.

(collectively, "Plaintiffs"), and Defendant TEP Rocky Mountain LLC ("TEP"), respectfully

request that the Court approve a class settlement agreement on a preliminary basis, provisionally

certify a proposed Class (as defined in paragraph 9 below), and enter related procedural orders in

anticipation of a final hearing.

As grounds for this Joint Motion, Plaintiffs and TEP state as follows:

## BACKGROUND

1.    The Plaintiffs filed their class action complaint against TEP on July 18, 2017, in

the District Court for the City and County of Denver, Colorado.  TEP removed the case to this

Court on August 17, 2017.

# EXHIBIT A TO SETTLEMENT AGREEMENT

2.      In this case, the Plaintiffs, on behalf of themselves and a class of similarly situated royalty owners, assert various claims against TEP for alleged royalty underpayments on the production and sale of natural gas.  The parties' royalty agreements are subject to a class action settlement agreement approved by a Colorado state district court in 2009 in a case styled *Ivo Lindauer v. Williams Production RMT Co.*, 2006 CV 317 (Garfield County District Court) (the "*Lindauer* Settlement").

3.      The Plaintiffs' First Amended Class Action Complaint alleges that TEP failed to calculate royalties and overriding royalties consistent with the terms of the *Lindauer* Settlement, and therefore underpaid the Plaintiffs and the proposed Class.  TEP has denied those allegations.

4.      Since filing this action, the Plaintiffs and TEP have exchanged extensive accounting data spanning more than six years of monthly royalty payments in order to evaluate the parties' claims and defenses.  The Plaintiffs and TEP have retained experienced royalty accounting experts to analyze the data.  Given the size and complexity of this data, the examination of the relevant royalty accounting information took several months to review.

5.      Counsel for the Plaintiffs ("Class Counsel") and for TEP have participated in continuous settlement discussions in order to resolve the claims of the Plaintiffs and the Class. The parties reached agreement on the basic terms of the settlement on June 28, 2018, subject to the negotiation of mutually agreeable settlement documents.  The parties have completed the negotiation and drafting of those settlement documents, and present them to the Court along with this Motion.

6.      The parties have agreed upon a class settlement agreement (the "Settlement Agreement"), which is attached as <u>Exhibit A</u>.

7.      The Parties and their counsel now are requesting that this Court enter an Order preliminarily approving the Settlement Agreement, provisionally certifying a Fed. R. Civ. P. 23(b)(3) opt-out Settlement Class, approving the proposed form of notice to Class members, establishing a deadline for Class member opt-out requests, establishing an objection procedure and deadline, and setting a date for final hearing on the issues of class certification, the Settlement Agreement, an award of attorneys' fees and litigation expenses to Class Counsel, and a proposed incentive award to each of the named Plaintiffs.

8.      The Parties submit that, unless the Court's evaluation of the grounds and evidence discloses a basis to doubt the fairness of the proposed Settlement Agreement, then the Court may preliminarily approve the Settlement Agreement, provisionally certify the proposed Class, approve notice to Class members of the proposed settlement (including their rights to opt out or object), and set a date for a final fairness hearing.

## THE SETTLEMENT AGREEMENT

9.      The Settlement Agreement defines a Fed. R. Civ. P. 23(b)(3) class (the "Class") as follows:

> all persons and entities to whom TEP has paid royalties and/or overriding royalties, and deducted post-production costs from those royalties and/or overriding royalties, including owners whose royalties currently are held in suspense, since July 1, 2011, on natural gas production from any well subject to the oil and gas lease agreements which the settling parties in the *Lindauer* Settlement identified as Category 2, Category 3, Category 5, and Category 11 instruments.

The Settlement Agreement divides the Class into four Subclasses (the "Subclasses") as follows:

> Subclass 1:  Elna Sefcovic, LLC, and all persons and entities to whom TEP has paid royalties, and deducted post-production costs from those royalties, including owners whose royalties currently

are held in suspense, since July 1, 2011, on natural gas production from any well subject to the oil and gas lease agreements which the settling parties in the *Lindauer* Settlement identified as either Category 2 or Category 3 royalty instruments.

Subclass 2:  Juhan, LP, and all persons and entities to whom TEP has paid royalties and/or overriding royalties, and deducted post-production costs from those royalties and/or overriding royalties, including owners whose royalties currently are held in suspense, since July 1, 2011, on natural gas production from any well subject to the oil and gas lease agreements which the settling parties in the *Lindauer* Settlement identified as Category 5 instruments, and that currently are identified by TEP as Category 5 instruments.

Subclass 3:  Roy Royalty, Inc., and all persons and entities to whom TEP has paid royalties and/or overriding royalties, and deducted post-production costs from those royalties and/or overriding royalties, including owners whose royalties currently are held in suspense, since July 1, 2011, on natural gas production from any well subject to the oil and gas lease agreements which the settling parties in the *Lindauer* Settlement identified as Category 11 instruments, and that currently are identified by TEP as Category 11 instruments.

Subclass 4:  Juhan, LP, and all persons and entities to whom TEP has paid royalties and/or overriding royalties, and deducted post-production costs from those royalties and/or overriding royalties, including owners whose royalties currently are held in suspense, since July 1, 2011, on natural gas production from any well subject to the oil and gas lease agreements which the settling parties in the *Lindauer* Settlement identified as Category 5 or 11 instruments, but that currently are not identified by TEP as exclusively Category 5 or Category 11 instruments.

10.    For purposes of the Settlement Agreement, each Plaintiff is deemed to be a member of the Class, and one or more Plaintiffs is a member of each Subclass.

11.    In order to resolve the Class' claims for past royalty underpayments, TEP has agreed to pay a gross settlement amount of $10,025,308 to the members of the Class, which would be paid into an interest-bearing escrow account within 14 days after the Court enters its

Order granting preliminary approval of the Settlement Agreement.  In the event that one or more members of the Class elects to opt out of the Settlement Agreement, TEP is entitled to an opt-out credit against the $10,025,308 settlement amount, which is determined based on each opt-out member's proportionate share of the Class Settlement Fund.  The settlement amount being paid by TEP is in settlement of royalty underpayment claims asserted by members of the Class on natural gas production sold by TEP through March 2018.  The distribution to the Class members who do not opt out of the proposed Settlement Agreement will be made *pro rata*, based upon each Class member's proportionate share of disputed post-production cost deductions.  A projected proportionate distribution of the Class Settlement Fund (the "Final Distribution Schedule") will be presented to the Court along with the parties' Motion for Final Approval of the Settlement Agreement.

12.     Class Counsel will request an award of attorneys' fees and reimbursement of expenses that have been or will be incurred by Class Counsel, and an incentive award to each of the named Plaintiffs, which shall be paid from the Class Settlement Fund.  TEP takes no position on such requests, and is not responsible under the Settlement Agreement for any award of attorneys' fees, expense reimbursements, or named Plaintiff incentive awards.

13.     All Class members who do not elect to exclude themselves from the Class shall be bound by the provisions of the Settlement Agreement, including the provisions relating to the calculation and payment of royalties on production by TEP after the Effective Date of the Settlement Agreement.

14.     Upon the Court's final approval of the proposed Settlement Agreement, the claims asserted in this lawsuit will be dismissed with prejudice.

15.     Until and unless approved by the Court and it becomes effective under its terms, the Settlement Agreement shall not be deemed to waive, withdraw, resolve, or prejudice any Party's position, claims, defenses, or any other matter related to this action.

## THE REQUIREMENTS FOR PROVISIONAL CERTIFICATION OF A
## FED. R. CIV. P. 23(b)(3) SETTLEMENT CLASS ARE SATISFIED

16.     As the United States Supreme Court stated in *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 621-623 (1997), "all Federal Circuits recognize the utility of Rule 23(b)(3) settlement classes" as a means to facilitate the settlement of complex class actions.  In *Amchem*, the Supreme Court confirmed that certification of a class for settlement purposes is consistent with Fed.R.Civ.P. 23, provided that the district court determines that the class certification requirements set forth in Rule 23(a) and 23(b) are satisfied.  *Id.* at 621.  Thus, if a settlement class appears to be certifiable under Fed.R.Civ.P. 23(a) and (b)(3), it may be certified provisionally, for settlement purposes only, pending further scrutiny at the final approval hearing. MANUAL FOR COMPLEX LITIGATION, § 21.632 (4th ed. 2005) ("MCL") (the court "should make a preliminary determination that the proposed class satisfies the criteria set out in Rule 23(a) and at least one of the subsections of Rule 23(b)"); *Perry v. FleetBoston Financial Corp.*, 229 F.R.D. 105, 111 (E.D. Pa. 2005) (recognizing that a settlement class may be provisionally certified at the preliminary approval stage).   Thus, this Court should provisionally determine whether this case satisfies the following requirements for certification of a Rule 23(b)(3) settlement class: (1) the class is so numerous that joinder of the class members is impracticable ("numerosity"); (2) there are questions of law or fact common to the class ("commonality"); (3) the claims of the class representatives are typical of the claims of the class ("typicality"); (4) the class representatives will fairly and adequately protect the interests of the

class ("adequacy of representation"); (5) the common questions of law or fact predominate over individual issues ("predominance"); and (6) a class action is superior to individual actions for resolving the claims of the class members ("superiority"). Fed.R.Civ.P. 23(a) and 23(b)(3). As demonstrated below, each of the requirements for certification of a Rule 23(b)(3) settlement class is satisfied.

17.     Rule 23(a)(1) requires the class be "so numerous that joinder of all members is impracticable."     In this case, there are approximately 600 members of the Settlement Class, a number which is more than sufficient to satisfy the numerosity requirement. *Pliego v. Los Arcos Mexican Rests., Inc.*, 313 F.R.D. 117, 126 (D. Colo. 2016) (finding that a class of 177 members satisfied the numerosity requirement); *Mathis v. Bess*, 138 F.R.D. 390, 393 (S.D.N.Y. 1991) (joinder impracticable based solely on the fact that the class had 120 members); *Lockwood Motors, Inc. v. General Motors Corp.*, 162 F.R.D. 569, 574-75 (D. Minn. 1995) (where class consisted of 96 members, numerosity requirement was satisfied). The numerosity requirement is therefore satisfied.

18.     Rule 23(a)(2) requires questions of law or fact exist which are common to the class. The Tenth Circuit has recognized that "commonality requires only a single issue common to the class." *J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1288 (10th Cir. 1999); *DG ex rel. Stricklin v. DeVaughn*, 594 F.3d 1188, 1195 (10th Cir. 2010).     However, this "common contention" must be of such a nature that it is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).     In this case, the named Plaintiffs have identified a common contention that is capable of classwide

resolution.  The success of each Class member's claim depends on whether TEP engaged in a common course of conduct under which it deducted certain post-production costs in the calculation of royalties which it was not permitted to deduct under the terms of the *Lindauer* Class Settlement.  TEP denies the named Plaintiffs' claims for breach of contract, and likewise denies that it improperly calculated their royalties, but its denial is not based on individualized issues that would undermine a common question capable of a common resolution.  Accordingly, the determination of whether TEP improperly deducted certain post-production costs in calculating the Class members' royalties will "resolve an issue that is central to the validity of each one of the claims in one stroke."  *Wal-Mart Stores*, 564 U.S. at 350.  Accordingly, common contentions exist as to all of the Class members' breach of contract claims against TEP.

19.    Rule 23(a)(3) requires that "the claims of the representative parties are typical of the claims of the class."  Typicality is established if the claims of the plaintiff and the class arise from the same course of conduct and are based on the same legal theory.  *Clark v. State Farm Mutual Auto Insurance Co.*, 245 F.R.D. 478, 484 (D. Colo. 2007).  If there is a nexus between the named plaintiffs' claims and the common questions of fact or law that unite the class, the typicality requirement is satisfied.  *Cook v. Rockwell International Corp.*, 151 F.R.D. 378, 385 (D. Colo. 1993).  Here, the Plaintiffs and the members of the Class claim to have been damaged by the same course of conduct, namely TEP's common practice of deducting certain post-production costs in the calculation and payment of royalties to the members of the Class.  TEP denies the named Plaintiffs' claims for breach of contract, and likewise denies that it improperly calculated their royalties, but its denial is not based on distinctions between the claims asserted by the named Plaintiffs and those asserted on behalf of the proposed Class.  The Plaintiffs'

claims are based upon a common course of conduct by TEP, and the Plaintiffs' theories of liability are the same as those of the other Class members. The typicality requirement is therefore satisfied.

20. Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." The adequacy of representation requirement focuses on two issues: (1) whether the named plaintiffs and their counsel have any conflicts of interest with other class members; and (2) whether the named Plaintiffs and their counsel will prosecute the action vigorously on behalf of the class? *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1187-88 (10th Cir. 2002). Neither the named plaintiffs nor their counsel have any conflicts of interest with the other members of the Class. In addition, the named Plaintiffs and their counsel have continuously prosecuted this class action vigorously on behalf of all Class members, and will continue to do so in their requests for preliminary and final approval of the Settlement Agreement. Moreover, Class Counsel have very extensive experience successfully representing royalty owners in numerous other class action royalty underpayment cases against natural gas producers in Colorado, and therefore are qualified to represent the Class in this case. The adequacy of representation requirement is therefore satisfied.

21. In order to certify a class under Rule 23(b)(3), the questions of law or fact which are common to the class members must predominate over any questions affecting only individual class members. Plaintiffs must show that the "common, aggregation-enabling issues in the case are more prevalent or important than the non-common, aggregation-defeating, individual issues." *CGC Holding Co. v. Broad and Cassell*, 773 F.3d 1076, 1087 (10th Cir. 2014) (internal citations omitted). Here, the predominant issue is whether TEP breached its contractual obligations to the

members of the Class, based upon TEP's consistent practice of deducting certain post-production costs in the calculation and payment of royalties to the Class members.  TEP has employed a common method of royalty accounting with respect to the royalties paid to the members of the Class, and the issue of whether TEP's royalty accounting methods constitute a breach of TEP's contractual obligations to the Class is the predominant issue in this litigation.  TEP denies the named Plaintiffs' claims for breach of contract, but its denial is not based on individualized issues that would predominate over common questions of law and fact.  There are no significant individual issues of fact or law which exist in this litigation.  The common questions of fact and law for the Class members therefore predominate over any individual issues which might exist.

22.     Rule 23(b)(3) also requires that a class action be the superior method of adjudicating the controversy.  Rule 23(b)(3) identifies four factors pertinent to this issue:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

An evaluation of these four factors confirms that class adjudication is the superior method of resolving this controversy.  First, there are no members of the Class who have expressed any interest in prosecuting a separate royalty underpayment lawsuit against TEP.  Second, there have been no individual lawsuits filed by any of the Class members regarding the claims at issue, which weighs in favor of class action superiority.  *In re Revco Securities Litig.*, 142 F.R.D. 659, 669 (N.D. Ohio 1992).  Third, concentrating this litigation in this Court is desirable, because all of the natural gas production at issue occurred in this judicial district, and most of the Class members reside in this judicial district.  Finally, because this is a request for settlement—only

certification—the manageability factor should not be considered in determining whether the superiority requirement has been satisfied. *Amchem*, 521 U.S. at 620. For these reasons, Rule 23(b)(3)'s superiority requirement is satisfied.

## THE PROPOSED SETTLEMENT AGREEMENT IS FAIR, REASONABLE AND ADEQUATE

23. With respect to approval of a Rule 23 class settlement, courts engage in a two-step process to ensure the fairness of any class action settlement. *Pliego*, 113 F.R.D. at 128. This Joint Motion pertains to the first step of this process, in which the Court makes a preliminary determination regarding the fairness, reasonableness, and adequacy of the settlement terms. *Id.* The object of preliminary approval is for the Court "to determine whether notice of the proposed settlement should be sent to the class, not to make a final determination of the settlement's fairness. Accordingly, the standard that governs the preliminary approval inquiry is less demanding than the standard that applies at the final approval phase." *Rhodes v. Olson Assocs., P.C.*, 308 F.R.D. 664, 666 (D. Colo. 2015). A district court will ordinarily grant preliminary approval where the proposed class settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval. *Pliego*, 313 F.R.D. at 128; *In re Motor Fuel Temperature Sales Practices Litigation*, 2011 WL 4431090, at *5 (D. Kan. Sept. 22, 2011).

24. Under Fed. R. Civ. P. 23(e)(2), a class action settlement must be "fair, reasonable and adequate." The Tenth Circuit has instructed district courts to analyze the following factors to determine whether this standard is met: (1) whether the proposed settlement was fairly and honestly negotiated; (2) whether serious questions of law and fact exist, such that the ultimate

outcome of the litigation is in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and (4) the judgment of the parties that the settlement is fair and reasonable. *Rutter*, 314 F.3d at 1188. An evaluation of the above-referenced factors fully supports preliminary approval of the proposed Class Settlement. First, the settlement was fairly and honestly negotiated. Prior to reaching a settlement, the Parties engaged in extensive discovery, including an exhaustive analysis of TEP's royalty accounting data. The Parties also engaged in extensive negotiations before reaching agreement on the terms of a settlement for each of the four subclasses at issue. Second, serious questions of law and fact exist which place the ultimate outcome of this litigation in doubt, including whether, and to what extent, TEP has taken improper post-production cost deductions in the calculation of royalties paid to the Class members. TEP denies that it breached its contracts with the Class members or has acted improperly, and would vigorously defend its rights if the case were litigated. Third, the value of an immediate recovery clearly outweighs the mere possibility of future relief after protracted and expensive litigation. The amount which TEP has agreed to pay the Class members to settle their claims constitutes a very substantial percentage of the amount in controversy, and avoids the risk to the Class members that they might recover a substantially smaller amount at an uncertain date in the future. Finally, it is the judgment of the Parties and their counsel that the proposed Settlement Agreement is fair and reasonable. For these reasons, the Court should determine that the Settlement Agreement is fair, reasonable, and adequate, and should preliminarily approve the proposed Settlement Agreement.

## NOTICE TO THE CLASS AND PROCEDURE FOR CLASS MEMBER
## OPT-OUTS AND OBJECTIONS

25.     The Parties have agreed on the form and content of the Notice to the Class members, attached as Exhibit B (the "Notice").

26.     The Notice advises the Class members of (a) the existence of this action; (b) the provisional certification of a Class pending final approval of the Settlement Agreement; (c) the monetary amount that TEP has agreed to pay to resolve the past royalty underpayment claims of the Class; (d) Class Counsel's anticipated request for payment of attorneys' fees, litigation expense reimbursements, and for named Plaintiff incentive awards to be paid from the Class Settlement Fund; (e) the date, time, and place of the hearing to consider final approval of the proposed Settlement Agreement; (f) their right to object and be heard at the hearing to consider final approval of the Settlement Agreement; (g) their right to opt out of the proposed Settlement Agreement and the deadline by which such opt-out right must be exercised; and (h) the agreement between TEP and the Class relating to TEP's calculation and payment of royalties on natural gas production after the Effective Date of the Settlement Agreement.  The Court should therefore approve the form and content of the Notice.

27.     Class Counsel has agreed to be responsible for the mailing of the Exhibit B Notice to the members of the Settlement Class.  The Court should therefore order that Class Counsel send the Exhibit B Notice to all members of the Settlement Class whose addresses are available from TEP's accounting records within 7 days after the Court enters its Order granting preliminary approval of the Settlement Agreement.

28.     The Parties request that the Court enter an Order that any Class member wishing to opt-out of the Settlement Agreement must send a written opt-out request to Class Counsel by a

deadline which is forty-five days after the postmark date on which Class Counsel mails the Settlement Notice to the proposed Class members by first class United States mail. The postmark deadline for Class members to mail their written opt-out requests to Class Counsel shall be reflected in the mailed Notice of Class Settlement.

29. The Parties request that the Court enter an Order that any Class member wishing to object to, or comment on, any aspect of the proposed Class Settlement must file their written objection with the Court by a deadline which is 14 days before the scheduled date for the final fairness hearing, and any member wishing to be heard at the final fairness hearing must file a written Notice of Intent to Appear at the final fairness hearing by a deadline which is 7 days before the scheduled date of the final fairness hearing.

30. The Parties will file their Motion for Final Approval of the Settlement Agreement, and any papers in support, at least 21 days prior to the scheduled date of the final fairness hearing. Class Counsel will file their motion for an award of attorneys' fees, litigation expense reimbursements, and for an incentive award to each of the named plaintiffs, at least 21 days prior to the final fairness hearing. The Parties will file their response to any Class member objections to the Settlement Agreement at least 7 days prior to the final fairness hearing.

31. All costs and expenses associated with mailing the Notice to the Class members, and with the administration of the Settlement Agreement, shall be borne by Class Counsel, and reimbursed out of the Class Settlement Fund, as approved by the Court.

**PLAINTIFFS' POSITION ON LITIGATION EXPENSES AND ATTORNEYS' FEES**

32. Plaintiffs assert that, if the Settlement Agreement is approved, Class Counsel should be paid from the Settlement Fund for (a) the actual out-of-pocket expenses incurred by

Case 1:17-cv-01990-MSK-MEH   Document 56-1   Filed 08/30/18   USDC Colorado   Page 31 of 60

Class Counsel, including expenses which Class Counsel will incur in in the further handling of this litigation and in the administration of the Class Settlement, and (b) attorneys' fees to Class Counsel.  Class Counsel estimates that the out-of-pocket expense reimbursement request will not exceed the sum of $150,000.  Class Counsel intends to request an award of attorneys' fees that does not exceed one-third (1/3rd) of the Class Settlement Fund after reimbursement of litigation expenses, and after adjustment for any opt-out credits to which TEP may be entitled.

33.     Plaintiffs and Class Counsel request that the Court consider Class Counsel's request for attorneys' fees and expense reimbursements, and Class Counsel's request for an incentive award to each of the named Plaintiffs, at the final fairness hearing.

34.     The Parties agree that the payment of any and all attorneys' fees and expenses that may be awarded to Class Counsel, as well as all expenses of administering the Settlement Agreement, are to be made from the Class Settlement Fund.  TEP believes that the monetary settlement and other consideration being offered to the Class are fair and reasonable.  TEP takes no position on Class Counsel's request for an award of attorneys' fees and expense reimbursements, or on the request for an incentive award to each of the named Plaintiffs.

### REQUEST FOR STAY OF DISCOVERY AND
### CASE MANAGEMENT DEADLINES

35.     Pursuant to the Court's Scheduling Order [Dkt. # 30, 42], the Parties currently are responsible for taking and defending discovery, preparing expert reports, and briefing motions for class certification.   A stay of discovery and case management deadlines would avoid unnecessary discovery and case management burdens.

36.     Pursuant to Fed. R. Civ. P. 16 and 26(c), the Parties request that the Court stay all discovery and case management deadlines, until further Order of the Court.

## **CONCLUSION**

For the foregoing reasons, the Court should enter its Order:

(1) preliminarily determining that the Settlement Agreement is fair, reasonable, and adequate, and granting the Parties' joint motion for preliminary approval of the Class Settlement;

(2) appointing the named Plaintiffs as the Class Representatives;

(3) appointing Plaintiffs' attorneys as Class Counsel for the Settlement Class;

(4) provisionally determining that the Settlement Class meets the requirements for certification of a Fed. R. Civ. P. 23(b)(3) class;

(5) approving the form and content of the Notice which is attached to this Joint Motion for Preliminary Approval as Exhibit B;

(6) directing that Class Counsel be responsible for mailing the Exhibit B Notice of Class Settlement to the members of the Class by first class U.S. Mail within 7 days after the Court enters its Order granting preliminary approval of the Class Settlement;

(7) establishing a deadline for any member of the Class to mail a written election to Class Counsel to be excluded from the Class, which postmark deadline will be 45 days after the postmark date of Class Counsel's mailing of the Exhibit B Notice to the members of the Class;

(8) establishing a deadline for any member of the Settlement Class to submit objections or comments regarding the proposed Class Settlement, Class Counsel's request for attorneys' fees and expense reimbursements, or Class Counsel's request for named Plaintiff incentive awards, which deadline will be 14 days before the scheduled date for the final fairness hearing;

(9) establishing a deadline for members of the Class to give written notice of intent to appear at the final fairness hearing, which deadline will be 7 days before the scheduled date of the final fairness hearing;

(10) establishing a deadline of the date which is 21 days before the final fairness hearing for the Parties' attorneys to file motions and memoranda in support of final approval of the Class Settlement, for Class Counsel's motion for award of attorneys' fees, expense reimbursements, and for an incentive award to each of the named Plaintiffs;

(11) establishing a deadline of 7 days before the date of the final fairness hearing for the Parties' attorneys to file responses, if any, to Class member objections or comments regarding the proposed Class Settlement, Class Counsel's request for attorneys' fees and expenses, or the request for named Plaintiff incentive awards;

(12) scheduling a final fairness hearing date to consider final approval of the proposed Class Settlement, Class Counsel's request for an award of attorneys' fees and expense reimbursements, and the request for named Plaintiff incentive awards; and

(13) staying all discovery and case management deadlines until further order of the Court.

Dated: August 13, 2018                                    Respectfully submitted,

*s/ George A. Barton*                                     *s/ Christopher A. Chrisman*
Stacy A. Burrows, Co. Bar No. 49199                       John F. Shepherd, P.C., #9956
George A. Barton, Mo. Bar No. 26249                       Christopher A. Chrisman, #33132
LAW OFFICES OF GEORGE A. BARTON, P.C.                     Lauren R. Caplan, #49228
7227 Metcalf Ave. Suite 301                               HOLLAND & HART LLP
Overland Park, KS  66204                                  555 Seventeenth Street, Suite 3200
Phone:  (816) 300-6250                                    Denver, CO  80201-8749
Fax: (816) 300-6259                                       Phone:  (303) 295-8000
gab@georgebartonlaw.com                                   cachrisman@hollandhart.com
stacy@georgebartonlaw.com                                 lrcaplan@hollandhart.com
**ATTORNEYS FOR PLAINTIFFS**                              **ATTORNEYS FOR DEFENDANT**
**AND THE PROPOSED CLASS**                                **TEP ROCKY MOUNTAIN, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2018, I filed the foregoing electronically with the

Clerk of the Court using the CM/ECF system, which caused the following parties or counsel to

be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

> George A. Barton
> Stacy A. Burrows
> Law Offices of George A. Barton, P.C.
> 7227 Metcalf Ave. Suite 301
> Overland Park, KS 66204
> gab@georgebartonlaw.com
> stacy@georgebartonlaw.com

> s/ *Christopher A. Chrisman*

11138209_1

Case 1:17-cv-01990-MSK-MEH   Document 56-1   Filed 08/13/18   USDC Colorado   Page 35 of
93

**EXHIBIT A TO JOINT MOTION**
**(Settlement Agreement – to be attached to**
**Joint Motion filed with the Court)**

**EXHIBIT B TO JOINT MOTION**
**(Class Notice – to be attached to**
**Joint Motion filed with the Court)**

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

# There is a Proposed Settlement in a class action brought against TEP Rocky Mountain LLC on behalf of certain royalty owners.

### You may be able to obtain benefits

*A court authorized this notice. This is NOT a solicitation from an attorney.*

A Proposed Settlement ("TEP Settlement") has been reached in a class action lawsuit against TEP Rocky Mountain LLC ("TEP"). The lawsuit is about the alleged underpayment of royalty payments made by TEP on the production of natural gas in Garfield County, Colorado. This Notice is being sent to you because you may be a member of the TEP Settlement Class who is eligible to receive monetary benefits from the TEP Settlement. Please read this Notice carefully.

| A SUMMARY OF YOUR RIGHTS AND CHOICES | |
|---|---|
| **REMAIN A TEP SETTLEMENT CLASS MEMBER** | To remain a member of the TEP Settlement Class, you do not need to take any action. TEP Settlement Class Members will receive money from the TEP Settlement as outlined in Section 4 of this Notice.<br><br>**Due Date:** __Automatic Distribution__ |
| **EXCLUDE YOURSELF FROM THE PROPOSED TEP SETTLEMENT** | You can exclude yourself from (opt out of) the TEP Settlement and not be bound by the Court's rulings. You will also not share in the distribution of monetary relief. You may bring your own lawsuit. *See* Section 7 of this Notice.<br><br>**Due Date: __Post-marked on or before _____, 2018__** |
| **OBJECT OR COMMENT ON THE PROPOSED TEP SETTLEMENT** | If you are a Class Member, you can object to or comment on the TEP Settlement on your own or through your attorney. *See* Section 8 of this Notice.<br><br>**Due Date: __Post-marked on or before _____, 2018__** |

**EXHIBIT B TO SETTLEMENT AGREEMENT**

- 1 -

## 1. WHY YOU RECEIVED THIS NOTICE.

Records show that you have received a royalty payment from TEP since July 1, 2011 from wells in Garfield County, Colorado. This Notice is sent to you to inform you about the proposed settlement of a class action lawsuit, captioned *Elna Sefcovic, LLC, Juhan, LP, and Roy Royalty, Inc., individually and on behalf of all others similarly situated, Plaintiffs v. TEP Rocky Mountain LLC, Defendant*, Civil Action No. 17-cv-01990-MSK-MEH, in the United States District Court for the District of Colorado (the "Lawsuit"), brought on behalf of certain royalty and overriding royalty payees who received royalty payments from TEP for natural gas or natural gas liquids ("Gas") produced in Garfield County, Colorado. The settlement has been preliminarily approved by the Court as being fair, reasonable and adequate. As explained below, you will be entitled to monetary benefits under this TEP Settlement if you do not opt out of the TEP Settlement and the TEP Settlement is finally approved by the Court.

You are a member of the class of royalty payees defined below who are covered by a proposed settlement of the Lawsuit. In this Notice, the settlement is referred to as the "TEP Settlement" and the class of TEP Gas royalty payees covered by the Settlement is referred to as the "TEP Settlement Class." The TEP Settlement Class includes the following:

> All persons and entities to whom TEP has paid royalties and/or overriding royalties, and deducted post-production costs from those royalties and/or overriding royalties, including owners whose royalties currently are held in suspense, since July 1, 2011, on natural gas production from any well subject to the oil and gas lease agreements which the settling parties in the *Lindauer* Settlement identified as Category 2, Category 3, Category 5, and Category 11 instruments.

The Court has appointed the Plaintiffs in the Lawsuit as class representatives for the TEP Settlement Class, and the Plaintiffs' attorneys as counsel for the TEP Settlement Class ("Class Counsel").

This Notice outlines the terms of the TEP Settlement, who is a TEP Settlement Class member, your right to remain a member of the TEP Settlement Class, how TEP Settlement monies will be paid, how to comment on or object to the proposed TEP Settlement, and how to exclude yourself from the TEP Settlement Class. This Notice also explains that the Court will hold a Final Fairness Hearing to decide whether to approve the TEP Settlement on _____, 2018, at ___ ___.m., in Courtroom _____ of the United States District Court of the District of Colorado, 901 19th Street, Denver, Colorado.

## 2. WHAT IS A CLASS ACTION?

A class action is a type of lawsuit in which a named Plaintiff brings a suit on behalf of all of the members of a similarly-situated group to recover damages and other relief for the entire group, without the necessity of each member filing an individual lawsuit, incurring expenses or appearing as an individual plaintiff. Class actions are used by the courts when the claims raise issues of law or fact that are common, making it fair to bind all class members to the orders and judgments in the case, without the necessity of multiple lawsuits involving hearing the same claims over and over.

## 3. THE LAWSUIT.

Plaintiffs, on behalf of themselves and all other similarly situated royalty payees, filed the Lawsuit against TEP on July 18, 2017, in the District Court for the City and County of Denver, Colorado, which subsequently was removed to the United States District Court for the District of Colorado on August 17, 2017. This Lawsuit seeks monetary relief against TEP for a class of Gas royalty payees, except for certain payees who are excluded from the class. The Lawsuit has been pending before the Honorable Marcia S. Krieger, District Court Judge of the United States District Court for the District of Colorado.

Plaintiffs have alleged that, at various times since July 1, 2011, TEP deducted or adjusted from royalties certain charges for costs that should not have been deducted. Specifically, Plaintiffs have asserted that TEP should

not have deducted from Gas royalties certain costs that were not permissible to deduct under the terms of a class action settlement agreement approved by a Colorado state district court in a lawsuit captioned *Ivo Lindauer v. Williams Production RMT Co.*, Case No. 2006-CV-0317 (Garfield County District Court) (the "*Lindauer* Settlement"). These deductions are referred to in this Notice as "Disputed Deductions."

Class Counsel have extensively reviewed and analyzed information and documents regarding TEP's calculation of royalties paid to the members of the TEP Settlement Class. The Parties also have engaged in continuous negotiations over the resolution of the claims alleged by the Plaintiffs (the "Claims"). The TEP Settlement described in this Notice is the result of those negotiations.

Class Counsel and the Plaintiffs believe that the issues before the Court are complex, and there is uncertainty as to the outcome of the TEP Litigation should it proceed to trial. TEP denies all of the Plaintiffs' Claims and continues to deny any wrongdoing or liability to Plaintiffs or any member of the TEP Settlement Class in connection with the Claims. TEP contends that the Claims have no merit, and that TEP would prevail at trial in the Lawsuit, including any necessary appeal.

Class Counsel and the Plaintiffs have considered both the monetary benefits of the proposed TEP Settlement and the risks of proceeding if the TEP Settlement was rejected. Class Counsel and the Plaintiffs have concluded that the proposed TEP Settlement provides members of the TEP Settlement Class with substantial monetary benefits, resolves disputed issues without prolonged litigation and expense, avoids the delay and expense of likely appeals, eliminates inherent risks of litigation, and is in the best interests of the TEP Settlement Class. Plaintiffs and Class Counsel have concluded that the proposed TEP Settlement is fair, reasonable, and adequate.

### 4. THE SETTLEMENT.

TEP has agreed to pay the sum of $10,025,308 in order to settle the Lawsuit (the "Settlement Fund"), to be paid into an interest-bearing escrow account on or before _____, 2018 [14 days after the Court enters its Order granting preliminary approval of the TEP Settlement Agreement]. The amount of the Settlement Fund that will be available for distribution to each member of the TEP Settlement Class (*i.e.*, the members who do not "opt out" of the TEP Settlement Class) will be determined by each member's designated subclass and each member's proportionate share of Disputed Deductions within that subclass.

The Court has preliminarily approved the TEP Settlement for four subclasses, which are based on certain categories of royalty interests defined in the *Lindauer* Settlement. Subclass 1 is composed of owners with interests in royalty instruments classified as Category 2 or Category 3 instruments under the *Lindauer* Settlement. Subclass 2 is composed of owners with interests in royalty and/or overriding royalty instruments classified as Category 5 instruments under the *Lindauer* Settlement. Subclass 3 is composed of owners with interests in royalty instruments classified as Category 11 instruments under the *Lindauer* Settlement. Subclass 4 is composed of owners with interests in royalty instruments classified as Category 5 or Category 11 instruments under the *Lindauer* Settlement, but that currently cannot be designated exclusively as Category 5 or Category 11 instruments.

The expenses and attorneys' fees of the Plaintiffs and Class Counsel ("Litigation Expenses") and any incentive awards to class representatives, as approved by the Court, will be subtracted from the Settlement Fund to determine the amount available for distribution to the members of the TEP Settlement Class. Class Counsel will request that the Court award Litigation Expenses up to one-third of the net Class Settlement Fund. You may receive a copy of Class Counsel's Application regarding Litigation Expenses by contacting Class Counsel as identified in Section 10 of this Notice.

With respect to royalties paid after June 1, 2018, the TEP Settlement provides, as to owners with interests in Subclass 1, that TEP is entitled to calculate royalties by allocating a proportionate share of gathering and fuel costs, and that TEP will calculate royalties on natural gas liquids in accordance with the terms of the *Lindauer* Settlement. As to owners with interests in Subclass 4, TEP will determine whether those affected interests should be classified as Category 5 or Category 11 interests under the *Lindauer* Settlement. While TEP conducts this determination, it will calculate royalties paid to owners with interests in Subclass 4 consistent with royalties paid to Category 11 owners. TEP will adjust royalties paid to any owners whose interests are determined to be in Category

5 under the *Lindauer* Settlement.  Any interest that is not adjusted within six months will be considered a Category 11 interest under the *Lindauer* Settlement.

Upon final Court approval, all members of the TEP Settlement Class who choose not to timely exclude themselves from the TEP Settlement Class (*i.e.*, who do not "opt out" of the TEP Settlement Class) will receive the monetary benefits of the TEP Settlement and will be bound by the resulting Order in the Lawsuit, barring them from bringing any claim against TEP related to royalty calculations that are covered by the TEP Settlement Agreement ("Settled Claims").  If a member of the TEP Settlement Class does not opt out, that member will receive payment of a portion of the Settlement Fund as described above, and may not thereafter bring Claims.  Additionally, a member of Subclass 1 or Subclass 4 who does not opt out agrees that TEP may pay and report royalties in the future according to the method described above, and that such payment shall satisfy TEP's contractual obligations to each class member who does not opt out.  If you sell or transfer your interest, the new owner or transferee also will be entitled to receive and be bound to accept payment of royalties on future production calculated in accordance with the applicable method.

For more detailed information regarding the terms of the TEP Settlement, please read the TEP Settlement Agreement, which you may review online at www.georgebartonlaw.com, or you may obtain a copy of the TEP Settlement Agreement by contacting Class Counsel as identified in Section 10 of this Notice.

## 5. THE COURT HAS CONDITIONALLY APPROVED THE SETTLEMENT.

The Court has provisionally determined that the TEP Settlement is fair, reasonable and adequate.  The Court has also ordered that, for purposes of the proposed TEP Settlement only, this case may proceed as a class action and that the TEP Settlement Class shall be conditionally certified.  This does not mean that Plaintiffs would be successful if the case went to trial.  The Court has made no final determination as to the merits of the Lawsuit, and this Notice and the proposed TEP Settlement do not imply that TEP is liable to Plaintiffs or to any member of the TEP Settlement Class for any of the Claims.  Furthermore, if the TEP Settlement is not finally approved or is withdrawn at any time, the Parties have agreed that the conditional class certification shall be void and of no effect. There are also other circumstances under which the Parties may cancel the TEP Settlement.  In any such event, the Lawsuit would proceed as though no class had been certified previously.

## 6. REMAINING A MEMBER OF THE SETTLEMENT CLASS.

**If you chose to remain a TEP Settlement Class member, you do not need to take any action whatsoever.**  Plaintiffs and Class Counsel will represent your interests as a member of the TEP Settlement Class. You will not be charged for their services or any expenses other than the payment of Litigation Expenses from the Settlement Fund that are approved by the Court.  You may enter an appearance in the Lawsuit by yourself or through your attorney, at your own expense.  You will be bound by the judgment and final disposition of the Lawsuit, and you should receive a distribution check for your share of the Settlement Fund approximately 14 days after the Approval Event specified in the TEP Settlement Agreement (as defined by the TEP Settlement Agreement). If you are a TEP Settlement Class member, you will be barred from bringing any further legal action against TEP, its affiliates, and its predecessors, as described in Section 6 of this Notice.

Should you remain in the TEP Settlement Class, and the TEP Settlement is approved, you will:

1)  Receive your allocated share of the Settlement Fund.

2)  Release all Settled Claims.

3)  Consent to TEP's calculation of future royalties as described in Section 4 of this Notice.

## 7. REQUEST TO BE EXCLUDED FROM THE TEP SETTLEMENT CLASS.

You may elect to be excluded from the TEP Settlement Class.  If you elect to be excluded from the TEP Settlement Class, you will not be bound by any judgment, disposition, or settlement of the Lawsuit, nor will you

receive any monetary benefits of the TEP Settlement. You will retain, and will be free to pursue, any claims you may have on your own behalf against TEP. TEP will be free to assert any defenses or counterclaims it may have against you.

To be excluded from the Class, you must mail a written election to be excluded from the TEP Settlement Class to **George Barton, Law Offices of George A. Barton, P.C., 7227 Metcalf Ave. Suite 301, Overland Park, Kansas 66204**. The election must contain the full name, current address, telephone number, and signature of the person requesting exclusion. **The written election must be postmarked on or before _____, 2018 [45 days after the postmarked date on the Mailed Class Notice]**. If your spouse or anyone else shares your interest in the royalty payments, they must also follow this procedure if they want to be excluded from the Class.

Any potential TEP Settlement Class member may revoke that member's election to be excluded from the TEP Settlement Class. If you wish to revoke your request to be excluded from the TEP Settlement Class, you must mail a written signed statement that you request to revoke your election to be excluded from the TEP Settlement Class to George Barton, Law Offices of George A. Barton, P.C. by **_____, 2018 [45 days after the postmarked date on the Mailed Class Notice]**. By revoking the election to be excluded, the potential TEP Settlement Class member becomes a TEP Settlement Class member with all rights of a TEP Settlement Class member at the time of the revocation.

Class Counsel will provide the Court a compilation of all potential class members who request to be excluded from the TEP Settlement Class.

## 8. RIGHT TO OBJECT TO THE TEP SETTLEMENT.

If you do not opt out of the TEP Settlement Class, you may object to the proposed TEP Settlement, Class Counsel's Application for Litigation Expenses, or the request for class representative incentive awards. **All objections shall be in writing and must be filed on or before _____, 2018 [14 days before the date of the Final Fairness Hearing]**, with the Court at the address of the District Court Clerk as it appears below. Your objection must set forth your full name, current address, and telephone number. In addition, your objection must include **a written statement of the position that you wish to assert.** Your objection also must be mailed to each of the following and postmarked on or before_____, 2018 [**14 days before the date of the Final Fairness Hearing**]:

| *Class Counsel* | *Counsel for TEP* |
|---|---|
| George A. Barton | John F. Shepherd, P.C. |
| Stacy A. Burrows | Christopher A. Chrisman |
| LAW OFFICES OF GEORGE A. BARTON, P.C. | Lauren R. Caplan |
| 7227 Metcalf Ave. Suite 301 | HOLLAND & HART LLP |
| Overland Park, KS 66204 | 555 Seventeenth Street, Suite 3200 |
| | Denver, CO 80201-8749 |

You or your attorney may appear at the Final Fairness Hearing, but are not required to do so. **In order to be heard at the Final Fairness Hearing you must file a Notice of Intent to Appear at the Final Fairness Hearing with the Court on or before _____, 2018 [7 days before the date of the Final Fairness Hearing]**. Any TEP Settlement Class member who does not file a notice of intent to appear at the Final Fairness Hearing may be prohibited from participating at that Hearing.

## 9. FINAL FAIRNESS HEARING.

**A Final Fairness Hearing will be held on _____, 2018, at _____.m. in Courtroom ____ of the United States District Court for the District of Colorado, located at 901 19th Street, Denver, Colorado 80294.** The purpose of the Hearing will be to finally determine whether the proposed TEP Settlement is fair, reasonable, and adequate, and whether a final judgment approving the TEP Settlement Agreement should be entered. The amount of the Litigation Expenses to be paid from the Settlement Fund to Class Counsel, and the requested incentive awards to

the class representatives, will also be considered at the Final Fairness Hearing. The Hearing may be continued or adjourned without further notice to the TEP Settlement Class.

If the TEP Settlement is approved, Plaintiffs and each member of the TEP Settlement Class who has not properly and timely elected to be excluded from the TEP Settlement Class will be bound by the TEP Settlement. Additionally, the respective heirs, executors, administrators, representatives, agents, successors, and assigns of the TEP Settlement Class members will be deemed bound by the TEP Settlement as to that member's interests. Likewise, the TEP Settlement will bind TEP and its successors and assigns.

## 10. ATTORNEYS FOR THE PARTIES.

***Attorneys for the Plaintiffs and the TEP Settlement Class ("Class Counsel")***
George A. Barton, Mo. Bar No. 26249
Stacy A. Burrows, Co. Bar No. 49199
LAW OFFICES OF GEORGE A. BARTON, P.C.
7227 Metcalf Ave. Suite 301
Overland Park, KS  66204
Phone: (913) 563-6250
Fax: (913) 563-6259
gab@georgebartonlaw.com
stacy@georgebartonlaw.com

***Attorneys for TEP Rocky Mountain LLC***
John F. Shepherd, P.C., #9956
Christopher A. Chrisman, #33132
Lauren R. Caplan, #49228
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Denver, CO  80201-8749
Phone: (303) 295-8000
Fax: (303) 291-8261
jshepherd@hollandhart.com
cachrisman@hollandhart.com
lrcaplan@hollandhart.com

***ANY QUESTIONS CONCERNING THE SETTLEMENT SHOULD BE DIRECTED TO CLASS COUNSEL.***

In any written correspondence with the attorneys or submissions to the Court, it is important that the envelope and any documents inside contain the following case name and identifying number:

> *Sefcovic v. TEP Rocky Mountain LLC*
> Civil Action No. 17-cv-01990-MSK-MEH

In addition, you must include your full name, address, and telephone number.

## 11. IF YOU WANT TO INSPECT THE COURT FILE.

The complaints, answers, pleadings, court orders, and other documents, including the TEP Settlement Agreement, are available online at www.georgebartonlaw.com. In addition, all pleadings are on file in this case and may be inspected at the following address:

> United States District Court of the District of Colorado
> Alfred A. Arraj United States Courthouse, Room A105
> 901 19th Street
> Denver, Colorado 80294

**DO NOT WRITE OR TELEPHONE THE CLERK'S OFFICE** if you have any questions about this Notice or the TEP Settlement.  Please address any questions regarding this Notice or the proposed TEP Settlement in writing to Class Counsel, at the address identified in Section 10 of this Notice, or by telephone to Class Counsel, at the telephone number identified in Section 10 of this Notice.

*DO NOT CALL THE COURT OR THE COURT CLERK*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01990-MSK-MEH

ELNA SEFCOVIC, LLC, JUHAN, LP, and ROY
ROYALTY, INC., individually and on behalf of
all others individually situated,

      Plaintiffs,

v.

TEP ROCKY MOUNTAIN LLC,

      Defendant.

---

## ORDER PRELIMINARILY APPROVING THE PARTIES'
## PROPOSED CLASS SETTLEMENT

---

This matter comes before the Plaintiffs' and Defendant TEP Rocky Mountain LLC's ("TEP") joint motion for an order: (1) preliminarily approving the proposed Class Settlement; (2) appointing the named Plaintiffs as the Class Representatives for the Settlement Class; (3) appointing Plaintiffs' attorneys as Class Counsel for the Settlement Class; (4) provisionally determining that the Settlement Class meets the requirements for certification of a Fed. R. Civ. P. 23(b)(3) Class; (5) approving the proposed Mailed Notice and proposed Publication Notice to the Class members; (6) establishing the deadline and manner for the Class members' submission of any elections to opt out of the Settlement Class; (7) establishing the deadline and manner for Class members to submit objections to the proposed Class Settlement, Class Counsel's request for attorneys' fees and expense reimbursements, and the request for incentive awards to the three Class Representatives; (8) establishing the deadline for the Parties' submission of motions in support of final approval of the Class Settlement, Class Counsel's request for an award of attorneys' fees and expenses, and the request for Class Representative incentive awards; and (9) setting a hearing date

# EXHIBIT C TO SETTLEMENT AGREEMENT

to consider the motions for final approval of the proposed Class Settlement, Class Counsel's attorneys' fees and expenses, and the Class Representative incentive awards.

The Court, having reviewed and considered the Parties' Joint Motion, the proposed Class Settlement Agreement, the proposed Mailed Notice and Publication Notice, pertinent portions of the entire record in this litigation to date, and after hearing the arguments of the Parties' attorneys at the hearing to consider the Joint Motion, finds as follows:

1.   On July 18, 2017, Plaintiffs filed their class action complaint against TEP in the District Court for the City and County Denver, Colorado.  TEP removed the case to this Court on August 17, 2017.

2.   The Plaintiffs, on behalf of themselves and a Class of similarly situated royalty owners, assert various claims against TEP for alleged royalty underpayments on the production and sale of natural gas.  The Parties' royalty agreements are subject to a class action settlement agreement which was approved by a Colorado state district court in 2009 in a case styled *Ivo Lindauer v. Williams Production RMT Co.*, Case No. 2006-CV-0317 (Garfield County District Court) (the "*Lindauer* Settlement").

3.   The Plaintiffs' first amended class action complaint alleges that TEP failed to calculate royalties and overriding royalties in accordance with the terms of the *Lindauer* Settlement, and therefore underpaid the Plaintiffs and the proposed Class.  In its answer to the first amended class action complaint, TEP has denied those allegations.

4.   Since this litigation was commenced, the Plaintiffs' attorneys ("Class Counsel") have engaged in extensive informal discovery.  Class Counsel have requested, received, and reviewed very voluminous documents and electronic data regarding TEP's calculation and payment of royalties to the Plaintiffs and the Class for a seven year time period extending back to July 2011.

Both Parties have retained royalty accounting experts to assist in the evaluation and analysis of the electronic royalty accounting data maintained by TEP. Class Counsel, with the assistance of a qualified royalty accounting expert, have been able to thoroughly analyze the full amount of alleged royalty underpayments by TEP to all of the Class members, based upon TEP's deduction of certain post-production costs in the calculation of royalties paid to the Class members.

5. The terms of the proposed Class Settlement are set forth in the Settlement Agreement which is attached to the Joint Motion as Exhibit A. The definitions set forth in the Settlement Agreement are incorporated herein by reference. The Settlement Agreement resolves the claims of the Class against TEP for natural gas royalty underpayments through June 1, 2018, and also resolves the claims of the Class regarding the method for TEP's calculation and payment of future royalties after June 1, 2018 for the Class members who are members of Subclass 1 and Subclass 4.

6. The Settlement Class, as defined in the Parties' Settlement Agreement, includes the following persons:

> all persons and entities to whom TEP has paid royalties and/or overriding royalties, and deducted post-production costs from those royalties and/or overriding royalties, including owners whose royalties currently are held in suspense, since July 1, 2011, on natural gas production from any well subject to the oil and gas lease agreements which the settling parties in the *Lindauer* Settlement identified as Category 2, Category 3, Category 5, and Category 11 instruments.

The Settlement Agreement divides the Class into four Subclasses (the "Subclasses") as follows:

> Subclass 1: Elna Sefcovic, LLC, and all persons and entities to whom TEP has paid royalties, and deducted post-production costs from those royalties, including owners whose royalties currently are held in suspense, since July 1, 2011, on natural gas production from any well subject to the oil and gas lease agreements which the settling parties in the *Lindauer* Settlement identified as either Category 2 or Category 3 royalty instruments.

3

Subclass 2:  Juhan, LP, and all persons and entities to whom TEP
has paid royalties and/or overriding royalties, and deducted post-
production costs from those royalties and/or overriding royalties,
including owners whose royalties currently are held in suspense,
since July 1, 2011, on natural gas production from any well subject
to the oil and gas lease agreements which the settling parties in the
*Lindauer* Settlement identified as Category 5 instruments, and that
currently are identified by TEP as Category 5 instruments.

Subclass 3:  Roy Royalty, Inc., and all persons and entities to whom
TEP has paid royalties and/or overriding royalties, and deducted
post-production costs from those royalties and/or overriding
royalties, including owners whose royalties currently are held in
suspense, since July 1, 2011, on natural gas production from any
well subject to the oil and gas lease agreements which the settling
parties in the *Lindauer* Settlement identified as Category 11
instruments, and that currently are identified by TEP as Category 11
instruments.

Subclass 4:  Juhan, LP, and all persons and entities to whom TEP
has paid royalties and/or overriding royalties, and deducted post-
production costs from those royalties and/or overriding royalties,
including owners whose royalties currently are held in suspense,
since July 1, 2011, on natural gas production from any well subject
to the oil and gas lease agreements which the settling parties in the
*Lindauer* Settlement identified as Category 5 or 11 instruments, but
that currently are not identified by TEP as exclusively Category 5 or
Category 11 instruments.

7.  For purposes of the Settlement Agreement, each Plaintiff is a member of the Class, and one

or more Plaintiffs is a member of each Subclass.

8.  The Settlement Agreement between the Class and TEP appears, upon preliminary review,

to be fair, reasonable, and adequate.

9.  In determining that the proposed Class Settlement appears to be fair, reasonable and

adequate, the Court has considered the following: (a) the proposed Class Settlement has been fairly

and honestly negotiated; (b) serious questions of law and fact exist which put the ultimate outcome

of a trial on the merits in doubt; (c) the amount of the proposed Class Settlement outweighs the

possibility of further relief after protracted and expensive litigation; and (d) the Parties and their

attorneys, who are very experienced in class action royalty underpayment litigation, believe that the Class Settlement is fair and adequate, and are requesting that the Class Settlement be preliminarily approved.

10. The Parties have entered into the Settlement Agreement after conducting extensive discovery and fact gathering, and with full knowledge of the relevant factual and legal issues. The Settlement Agreement is the product of non-collusive, arm's-length bargaining between the Parties and their Counsel.

11. The Settlement Class benefits from the Settlement Agreement because TEP has agreed to pay $10,025,308 to settle the Class members' claims in this litigation, and has agreed to a future royalty calculation methodology for royalty payments to Class members in Subclass 1 and Subclass 4 (as described in the Settlement Agreement), after the June 1, 2018 effective date of the Class Settlement.

12. The benefits provided to the Class under the terms of the Settlement Agreement provide a reasonable resolution of the claims of the Class, considering the risk of litigation, likelihood of protracted and expensive litigation in the absence of the Settlement Agreement, and the Parties' various claims and defenses.

13. TEP also benefits from the Settlement Agreement through the avoidance of protracted and expensive litigation, the elimination of risk of an adverse judgment, the final resolution of disputes with the Class members, and the promotion of a mutually productive business relationship with the Class members.

14. The Court also provisionally determines that each of the requirements for certification of a Fed. R. Civ. P. 23(b)(3) Settlement Class is satisfied, as set forth below.

15. Because there are approximately six hundred members of the defined Settlement Class, the

numerosity requirement of Rule 23(a)(1) is satisfied.

16. Because there is at least one question of law and fact which is common to the claims of each of the Class members, the commonality requirement of Rule 23(a)(2) is satisfied.

17. Because the claims of the named Plaintiffs are typical of the claims of the other Class members, the typicality requirement of Rule 23(a)(3) is satisfied.

18. Because the Class Representatives and Class Counsel have vigorously prosecuted this litigation on behalf of the named Plaintiffs and the Class, because the Class Representatives and Class Counsel do not have any conflicts of interest with the other members of the Class, and because Class Counsel have had extensive experience in litigating class action royalty underpayment cases, the adequacy of representation requirement of Rule 23(a)(4) is satisfied.

19. Common questions of law and fact predominate over individual questions regarding the Class members' claims against TEP. The overreaching issue binding the Class, and mooted by the Settlement Agreement, is the question of whether TEP complied with the terms of the *Lindauer* Settlement, which governs the royalty instruments held by the Class members. The predominance requirement of Rule 23(b)(3) is therefore satisfied.

20. A class action is superior to other available methods for fairly and efficiently adjudicating the Class members' claims against TEP. The fact that none of the Class members have expressed interest in individually controlling the prosecution of separate litigation against TEP further supports the Court's finding that the superiority requirement for certification of a Rule 23(b)(3) Settlement Class is satisfied. The Court makes no finding, however, whether this case, if litigated as a class action, would present intractable case management problems, because evaluation of the manageability factor is unnecessary in cases where class certification is sought only for a Settlement Class.

21. Accordingly, the Court finds that the proposed Class and its four Subclasses may be provisionally certified, for settlement purposes only, under Fed. R. Civ. P. 23(a) and (b)(3) as an opt-out Class.

22. The Notice of Class Settlement to be mailed to the members of the Class, which is attached to the Joint Motion as Exhibit B ("Mailed Notice"), adequately informs the Class members of the following: (1) the nature of this Class action lawsuit; (2) the definition of the proposed Settlement Class and each of the Subclasses; (3) the Class members' claims, the issues, and TEP's denial of the Class members' claims; (4) that the Court will exclude from the Class any member who requests exclusion; (5) the deadline and manner for requesting exclusion; (6) a description of the terms of the Class Settlement, including information about the Class members' right to obtain a copy of the Settlement Agreement from Class Counsel; (7) the right of any Class member to object to the proposed Class Settlement, Class Counsel's request for reimbursement of expenses and for attorneys' fees, or to the requested incentive awards for the Class Representatives, and the deadline for any such objections; and (8) the binding effect of the Class Settlement on Class members who do not elect to be excluded from the Class.

## **ORDER**

In light of the Court's findings and conclusions, and pending further consideration at a final fairness hearing, IT IS HEREBY ORDERED THAT:

23. The Settlement Agreement is preliminarily approved as being fair, adequate and reasonable.

24. The named Plaintiffs are appointed as the Class Representatives for the Settlement Class, and Plaintiff Elna Sefcovic, LLC is appointed as the Class Representative for Subclass 1, Plaintiff Juhan, LP is appointed as the Class Representative for Subclass 2, Plaintiff Roy Royalty, Inc. is

appointed as the Class Representative for Subclass 3, and Plaintiff Juhan, LP is appointed as the Class Representative for Subclass 4.

25. The Plaintiffs' attorneys are appointed as Class Counsel for the Settlement Class, and for each of the four Subclasses.

26. The Court provisionally determines that each of the requirements for certification of a Fed. R. Civ. P. 23(b)(3) Settlement Class is satisfied.

27. Within 14 days of the date of this Order preliminarily approving the Class Settlement, TEP shall deposit the settlement payment of $10,025,308 into the Escrow Account established pursuant to the Escrow Agreement, as provided for in Paragraph 2 of the Settlement Agreement, and subject to the conditions set forth in the Settlement Agreement and the Escrow Agreement.

28. The Court approves the form and content of the Mailed Notice attached to the Joint Motion as Exhibit B.

29. Class Counsel shall be responsible for mailing the Mailed Notice, by first class United States mail, to the Settlement Class members within seven days after the date of this Order preliminarily approving the Class Settlement.

30. Any member of the Settlement Class who wishes to request exclusion ("Opt Out") from the Settlement Class must submit a written Opt Out election, which must be postmarked on or before the date which is 45 days after the postmark date of Class Counsel's mailing of the Mailed Notice to the members of the Class, which date shall be specified in the Mailed Notice. In accordance with the procedures set forth in the Mailed Notice, any such Opt Out election must be in writing, and must be mailed to Class Counsel at the address provided in the Notice.

31. On or before the date which is 21 days before the scheduled date for the final fairness hearing, the Parties shall file motions in support of final approval of the Class Settlement, and

Class Counsel shall file their request for attorneys' fees and expense reimbursements, and for Class Representative incentive awards.

32. Any member of the Class who wishes to make objections to, or comment on, the proposed Class Settlement, Class Counsel's request for attorney's fees and expenses reimbursements, or the request for Class Representative incentive awards, shall postmark and mail such objections or comments on or before the date which is 14 days before the scheduled date for the final fairness hearing. In accordance with the procedures set forth in the Mailed Notice, any such objections or comments must be mailed to Class Counsel, TEP's counsel, and the Court.

33. Any Class member who wishes to appear and be heard at the final approval hearing must postmark and mail notice of such intention at least 7 days before the scheduled date for the final fairness hearing. Notice of such intention must be mailed to Class Counsel, TEP's counsel, and the Court.

34. At least 7 days before the scheduled date for the final fairness hearing, Class Counsel and TEP may file a response to any Class member's objections or comments. A copy of such response shall be mailed to all Class members who have submitted timely objections or comments.

35. The Court will conduct a hearing to consider final approval of the proposed Class Settlement, Class Counsel's request for attorneys' fees and expense reimbursements, and the request for Class Representative incentive awards, beginning at _____ _.m, on _____, in Courtroom _____ of this Court.

36. All pending discovery and case management deadlines in this action are stayed until further order of this Court.

IT IS SO ORDERED.

Dated this ___ day of _____, 2018

_____

United States District Judge

## AMENDMENT TO SETTLEMENT AGREEMENT

This Amendment (the "Amendment") to the Settlement Agreement ("Agreement") is entered into on October 26, 2018, effective June 1, 2018 ("Effective Date"), by and between ELNA SEFCOVIC, LLC, JUHAN LP, ROY ROYALTY, INC., and WHITE RIVER ROYALTIES, LLC (the "Plaintiffs"), on behalf of themselves and a class of similarly situated royalty and overriding royalty owners (defined as the "Class" in the Agreement) and TEP ROCKY MOUNTAIN LLC ("TEP"), a Delaware limited liability company.  Plaintiffs and TEP may each be referred to as a "Party or collectively as "the Parties."

All capitalized terms in this Amendment are given the meanings defined in the Agreement.

## RECITALS

A.    The Agreement was entered into effective June 1, 2018, by and between Elna Sefcovic, LLC, Juhan LP, and Roy Royalty, Inc., on behalf of themselves and the Class, and TEP.

B.    On October 25, 2018, Plaintiffs moved to add White River Royalties, LLC ("White River") as a Plaintiff in the Civil Action.  Plaintiffs moved to add White River so that it can serve as a representative of the Class, in particular, a representative of Subclass 1 along with Elna Sefcovic, LLC.

C.    The purpose of this Amendment is to modify the Settlement Agreement to include White River as a representative of the Class and representative of Subclass 1, and to add Juhan LP as an additional representative of Subclass 3.  This Amendment makes no other modifications to the Agreement.

## AGREEMENT

1.    <u>Addition of White River as Party to Agreement</u>:  The parties agree to add White River as a party to the Agreement, a representative of the Class, and a representative of Subclass 1.

2.    <u>Modification of Agreement as to White River</u>:  In order to effectuate paragraph 1 of this Amendment, the Agreement is modified as follows:

      a.    The terms "Plaintiffs," "Named Plaintiffs," and "Parties" each is defined to include White River.

      b.    All references to Subclass 1, including the representatives of Subclass 1, are defined to include White River in addition to Elna Sefcovic, LLC.  The class representatives of Subclass 1 are Elna Sefcovic, LLC and White River.

1

3.    Modification of Agreement as to Juhan LP:  All references in the Agreement to Subclass 3, including the representatives of Subclass 3, are modified to include Juhan LP in addition to Roy Royalty, Inc.  The class representatives of Subclass 3 are Roy Royalty, Inc. and Juhan LP.

4.    Authority to Amend:  This Amendment is executed by the Parties pursuant to paragraph 14(f) of the Agreement.

5.    Incorporation of Agreement:  All terms of the Agreement are hereby incorporated by reference.

6.    No Other Modifications:  Except as modified by this Amendment, no modification is made to the Agreement, which remains in full force and effect.

The Parties hereby execute this Agreement this 26th day of October, 2018, effective as of the Effective Date.


**Elna Sefcovic, LLC**                                    **Roy Royalty, Inc.**


_____                          _____

By:_____                          By:_____

Title:_____                          Title:_____


**Juhan LP**                                             **White River Royalties, LLC**


_____                          _Susan J. Jerman_

By:_____                          By:_Susan J. Jerman_

Title:_____                          Title:_Manager_


**TEP Rocky Mountain LLC**


_____

By:_____

Title:_____

2

3.    Modification of Agreement as to Juhan LP:  All references in the Agreement to Subclass 3, including the representatives of Subclass 3, are modified to include Juhan LP in addition to Roy Royalty, Inc.  The class representatives of Subclass 3 are Roy Royalty, Inc. and Juhan LP.

4.    Authority to Amend:  This Amendment is executed by the Parties pursuant to paragraph 14(f) of the Agreement.

5.    Incorporation of Agreement:  All terms of the Agreement are hereby incorporated by reference.

6.    No Other Modifications:  Except as modified by this Amendment, no modification is made to the Agreement, which remains in full force and effect.

The Parties hereby execute this Agreement this 26th day of October, 2018, effective as of the Effective Date.

**Elna Sefcovic, LLC**                    **Roy Royalty, Inc.**

_Elna Sefcovic, LLC_
By: _Debra A Anderson_                    By: _____
Title: _Operations Manager_               Title: _____

**Juhan LP**                              **White River Royalties, LLC**

_____                 _____

By: _____             By: _____

Title: _____          Title: _____

**TEP Rocky Mountain LLC**

_____

By: _____

Title: _____

2

3.    <u>Modification of Agreement as to Juhan LP</u>:  All references in the Agreement to Subclass 3, including the representatives of Subclass 3, are modified to include Juhan LP in addition to Roy Royalty, Inc.  The class representatives of Subclass 3 are Roy Royalty, Inc. and Juhan LP.

4.    <u>Authority to Amend</u>:  This Amendment is executed by the Parties pursuant to paragraph 14(f) of the Agreement.

5.    <u>Incorporation of Agreement</u>:  All terms of the Agreement are hereby incorporated by reference.

6.    <u>No Other Modifications</u>:  Except as modified by this Amendment, no modification is made to the Agreement, which remains in full force and effect.

The Parties hereby execute this Agreement this 26th day of October, 2018, effective as of the Effective Date.

**Elna Sefcovic, LLC**

_____

By:_____

Title: _____

**Roy Royalty, Inc.**

By: _____

Title: _____

**Juhan LP**

_____

By:_____

Title: _____

**White River Royalties, LLC**

_____

By: _____

Title: _____

**TEP Rocky Mountain LLC**

_____

By:_____

Title: _____

2

3.   __Modification of Agreement as to Juhan LP__:  All references in the Agreement to Subclass 3, including the representatives of Subclass 3, are modified to include Juhan LP in addition to Roy Royalty, Inc.  The class representatives of Subclass 3 are Roy Royalty, Inc. and Juhan LP.

4.   __Authority to Amend__:  This Amendment is executed by the Parties pursuant to paragraph 14(f) of the Agreement.

5.   __Incorporation of Agreement__:  All terms of the Agreement are hereby incorporated by reference.

6.   __No Other Modifications__:  Except as modified by this Amendment, no modification is made to the Agreement, which remains in full force and effect.

The Parties hereby execute this Agreement this 26th day of October, 2018, effective as of the Effective Date.


**Elna Sefcovic, LLC**                          **Roy Royalty, Inc.**


_____                    _____

By:_____                 By:_____

Title: _____             Title: _____


**Juhan LP**                                    **White River Royalties, LLC**


_____                    _____

By: Kathryn C. Juhan                        By:_____

Title: Gen. Partner                         Title: _____


**TEP Rocky Mountain LLC**


_____

By:_____

Title: _____

3.    Modification of Agreement as to Juhan LP:  All references in the Agreement to Subclass 3, including the representatives of Subclass 3, are modified to include Juhan LP in addition to Roy Royalty, Inc.  The class representatives of Subclass 3 are Roy Royalty, Inc. and Juhan LP.

4.    Authority to Amend:  This Amendment is executed by the Parties pursuant to paragraph 14(f) of the Agreement.

5.    Incorporation of Agreement:  All terms of the Agreement are hereby incorporated by reference.

6.    No Other Modifications:  Except as modified by this Amendment, no modification is made to the Agreement, which remains in full force and effect.

The Parties hereby execute this Agreement this 26th day of October, 2018, effective as of the Effective Date.

**Elna Sefcovic, LLC**                          **Roy Royalty, Inc.**


_____          _____

By:_____          By:_____

Title:_____          Title:_____


**Juhan LP**                                          **White River Royalties, LLC**


_____          _____

By:_____          By:_____

Title:_____          Title:_____


**TEP Rocky Mountain LLC**

_Michael S. Land_

By: Michael S. Land

Title: President & CEO

**APPROVED:**

**Counsel for Plaintiffs and Class**            **Counsel for TEP Rocky Mountain LLC**

By: George Barton                    By: Christopher Chrisman

11570894_1