IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01990-MEH

ELNA SEFCOVIC, LLC,
JUHAN, LP, and
ROY ROYALTY, INC., individually and on behalf of all others similarly situated,

    Plaintiffs/Counter Defendants,

v.

TEP ROCKY MOUNTAIN, LLC,

    Defendant/Counterclaimant.

---

### ORDER ON PENDING MOTIONS

**Michael E. Hegarty, United States Magistrate Judge**.

Plaintiffs have filed an Unopposed Motion to Reconsider the Court's November 9, 2018 Order [filed November 20, 2018: ECF No. 100]. I held oral argument concerning this motion on January 14, 2019. I believe my original order is correct insofar as it recognized that the vast majority of relevant federal cases would, on a motion to remand or early motion to dismiss, defer subject matter jurisdiction under comity principles in a case involving a breach of settlement when the underlying agreement was made a part of a state court's final judgment, and that state court retained exclusive jurisdiction over the implementation of the settlement. However, because this case involves facts that dictate against the exercise of comity here, I **grant t**he motion. First, I will clarify the basis for my November 9, 2018 Order. Second, I will vacate the Order for the reasons stated herein.

## I. BACKGROUND

This lawsuit involves an alleged breach of a formula for calculating mineral royalties, which formula was established in a 2008 settlement of a Garfield County, Colorado lawsuit. The case was removed to this Court from Denver County District Court on August 17, 2017. After the completion of class discovery, in August 2018, the parties moved for preliminary approval of a class settlement, provisional certification of an opt-out settlement class, approval of notice to class members, an order establishing opt-out and objection procedures, and the setting of a final hearing date to consider approval of the class settlement, attorney's fees, expenses and incentive awards. I granted this motion on August 16, 2018.

Thereafter, on October 5, 2018, certain plaintiffs from the Garfield County settlement who were not parties to this litigation attempted to intervene in this action and dismiss it. In my original Order, I granted dismissal of this action based on the facts that the Garfield County, Colorado District Court, in the prior settlement (the *Lindauer* case), the district judge entered an order in which she intended to retain exclusive jurisdiction over a court-adopted and stipulated settlement of a dispute over mineral royalty payments, and the parties' lawsuit here arises squarely under that settlement. The state court's Judgment, at the parties' request, gave approval to the class settlement agreement, ordered that the parties "shall take any and all steps necessary to implement the Settlement Agreement according to its terms and the terms of this Order," "barred and permanently enjoined" the class members "from commencing or prosecuting either directly . . . or in any capacity, any of the Settled Claims," and retain[ed] continuing jurisdiction of this action to address any issues concerning implementation of the Settlement Agreement and enforcing this Final

Judgment." ECF No. 67-2. As noted above, the present lawsuit involves as Plaintiffs some of the class members from the *Lindauer* case, as well as the defendant from *Lindauer*. These Plaintiffs contend that Defendant has not paid royalties consistent with the settlement and court order in *Lindauer*.

In the state court *Lindauer* suit, there is pending a motion to enforce (in a contempt proceeding) the *Lindauer* settlement agreement.

## II. ANALYSIS

The principal argument in the Motion to Reconsider is that *Younger* abstention (*Younger v. Harris*, 401 U.S. 37 (1971)) does not apply to the facts of this case. However, although the proposed Intervenors' brief explains why *Younger* abstention *is* applicable here, *Younger* was not the basis for my decision. In my seventeen-page order, I discussed *Younger* for roughly one page, and only then because a cited case had relied on that doctrine.

Rather, I believed dismissal without prejudice was warranted under a long line of cases, many that were cited in the original order, in which one court gives deference to another court that previously issued a court-ordered settlement or consent decree resolving a case, when the parties to that prior resolution are attempting to have its terms interpreted by some other court. This is not an abstention doctrine, although in my Order I did reference "abstention principles." Order at 2. I now clarify that dismissal would be appropriate here under principles of comity and wise judicial administration. For that reason, my original order was more akin to the doctrine set forth in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). That Court stated:

> Although this case falls within none of the abstention categories, there are principles unrelated to considerations of proper constitutional adjudication and regard for federal-state relations which govern in situations involving the contemporaneous exercise of concurrent jurisdictions, either by federal courts or by state and federal courts. These principles rest on considerations of "(w)ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation."

*Id.* at 817 (citations omitted). The Tenth Circuit has noted that a *Colorado River*-type dismissal is not abstention but rather "an exception to our jurisdictional mandate from Congress." *Rienhardt v. Kelly*, 164 F.3d 1296, 1303 (10th Cir. 1999). Incidentally, the *Colorado River* decision approved dismissal despite its recognition of the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." 424 U.S. at 817 (language relied upon by the parties in their Motion for Reconsideration). I cite *Colorado River* primarily for the principle that, although to be used only in extremely unusual cases, there are judicially created exceptions to the exercise of subject matter jurisdiction. However, as with *Younger* abstention, in my original order I did not intend here to fit my decision squarely into the *Colorado River* or any other well-known Supreme Court doctrine. Rather, it was the doctrine of comity that most clearly supported the basis for dismissal in the original order.

The doctrine of comity "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." *Rhines v. Weber*, 544 U.S. 269, 274 (2005) (citation omitted). The doctrine "counsels lower federal courts to resist engagement in certain cases falling within their jurisdiction." *Direct Mktg. Ass'n v. Brohl*, 135 S. Ct. 1124, 1126 (2015). The cases I cited in support of my original Order do not generally rely upon abstention, but on principles of comity. This type of comity is not dependent on a state-federal dichotomy, but on wise judicial administration among several jurisdictions. Cases supporting dismissal which I cited in my original Order involve federal courts dismissing cases in

deference to other federal courts as well as to state courts, and even state courts attempting to adjudicate matters contained in federal court orders approving settlements.[1] The common thread is that the parties in a prior case resolved their lawsuit with the assistance of the court (either with a consent decree or a court order adopting a settlement), which court explicitly retained jurisdiction (interpreted as intended to be exclusive) over disputes arising under the resolution. All but one decision cited in the original Order concluded that deference to the settlement court was appropriate.

Thus, I clarify my analysis in the original order as follows: (1) courts are authorized to retain jurisdiction over settlement agreements,[2] and (2) when a court has done so, and that jurisdiction is explicitly (or implicitly under the totality of circumstances) exclusive, then (3) the doctrine of comity permits a court, even in the presence of subject matter jurisdiction, to defer to the settlement court in cases requiring the interpretation and enforcement of the settlement agreement. Prior to oral argument concerning the Motion to Reconsider, I believed this case presented an appropriately narrow factual situation to qualify as one of those rare exceptions to the court's "virtually unflagging obligation" to exercise jurisdiction when it exists.

Comity in this context is not an absolute obligation. *Petoskey Inv. Grp., LLC v. Bear Creek Twp.*, 5:03-CV-14, 2005 WL 1796130, at *9 (W.D. Mich. July 27, 2005). Moreover, I believe any deferral here ought to rely upon considerations of wise judicial administration. *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 14-15 (1983). As the Supreme Court noted in *Moses H. Cone Hosp.*, "the decision whether to dismiss a federal action because of parallel state-

---

[1] Of course, the doctrine of comity can also apply between state courts. *E.g., Franchise Tax Bd. of California v. Hyatt*, 538 U.S. 488, 493 (2003).
[2] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction. The weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case." *Id.* at 15. There are three factors present in this case which, I believe after hearing the parties, counsel against dismissal.

First, in *every* case I could find in which comity or some other doctrine was cited in favor of dismissing or remanding a federal action in favor of a state court that had retained jurisdiction over a settlement, the matter was brought to the federal court's attention within weeks or a very few months after initiation of the case, before any substantive proceedings had transpired. *Tomerlin v. Johns Hopkins Univ., Inc.*, 689 F. App'x 578, 578–79 (9th Cir. Apr. 24, 2017) (ninety days); *Ultimate Creations, Inc. v. McMahon*, 300 F. App'x 528, 529 (9th Cir. Nov. 17, 2008) (thirteen days); *Flanagan v. Arnaiz,* 143 F.3d 540 (9th Cir. 1998) (immediate motion to enjoin other lawsut); *Weaver v. Aegon USA, LLC*, No. 4:14-cv-03436-RBH, 2015 WL 5691836, at *32 (D.S.C. Sept. 28, 2015) (sixty days); *Hankins v. CarMax, Inc.*, No. RDB-11-03685, 2012 WL 113824, at *5 (D. Md. Jan. 13, 2012) (six days); *Bar Codes Talk, Inc. v. GS1, Inc.*, No. 8:10-cv-1462-T-30MAP, 2010 WL 4510982, at *2 (M.D. Fla. Nov. 2, 2010) (thirty days); *Petoskey Inv. Grp. V. Bear Creek Township,* 2005 WL 1796130 (120 days); *LLC Magnolia v. Conn. Gen. Life Ins. Co.*, 157 F. Supp. 2d 583, 587 (D. Md. 2001) (twenty-one days). In contrast, the present case has been fully litigated; the parties have settled the case; the Court has given preliminary approval to the settlement; the time for objecting to the settlement has passed; and the only proceeding left is a fairness hearing. To jettison the case at this point would be a significant waste of public and private resources and certainly inconsistent with wise judicial administration.

Second, counsel for the proposed Intervenors here admitted at oral argument that, although he was aware of this lawsuit within months of its filing, he decided to monitor what the outcome of the case would be, in order to determine what action would be his clients' best interest. I do not believe a "wait and see" approach is consistent with counsel's argument that this Court has no subject matter jurisdiction and, further, this delay caused the parties here (and the Court) to expend substantial resources in the administration of the case. It appears from the case law that arguments concerning comity can be waived. *E.g.*, *Orazio v. Town of North Hempstead*, 426 F. Supp. 1144, 1147 (E.D.N.Y. 1977) ("comity . . . may be waived . . . [b]y not raising it"). If so, proposed Intervenors' actions have waived it here.

Finally, counsel for proposed Intervenors acknowledged at the hearing that the royalty payments required by the *Lindauer* settlement will likely endure for thirty to fifty years. He also acknowledged that, in light of the Colorado mandatory retirement age for judges, the judicial officer who issued the *Lindauer* judgment will not be presiding over this case for its duration (indeed, most likely not even for the next decade), so the case will pass to other judges who have no familiarity with the case or the settlement. I am skeptical of any court's authority to bind parties to one forum for all possible disputes arising out of the settlement for such an extended period of time, essentially in perpetuity. I can certainly understand retaining jurisdiction for a limited period to ensure the effective implementation of the settlement. However, at the time of the filing of this lawsuit, the settlement agreement had been in place for nearly a decade, there were no proceedings pending in the *Lindauer* case (and apparently had not been any for years), and the parties to this lawsuit, who were parties in *Lindauer* and who were diverse in citizenship, litigated this breach of contract action (which satisfied the amount in controversy requirement) without challenging

7

subject matter jurisdiction after removal from state court. The federal courts are as capable of interpreting settlement agreements (and, in fact, do so on a regular basis) as the state courts.

Other arguments raised by the proposed Intervenors are not persuasive. Beyond the exclusive jurisdiction argument, proposed Intervenors raise the doctrine of *forum non conveniens*. For the same reasons as relied upon in granting reconsideration herein, I do believe consideration of the relevant factors would lead to the same conclusion. In the unique circumstance of a decades-long payout of oil and gas royalties, there is no indication that the parties contemplated Garfield County to the exclusive forum for the rest of their respective lives.

Next, proposed intervenors raise *Younger* abstention, but I believe the third required element, interference with important state interests, is not present. Although the parties represent that, a year after this case was filed and removed, the *Lindauer* class plaintiffs filed a motion in the state court under Colo. R. Civ. P. 107 (civil contempt) to enforce the settlement agreement, this Court is not enjoining that proceeding in any manner. As noted above, the federal courts are an adequate alternative forum, when subject matter jurisdiction exists, to interpret an eleven-year-old contract. While it is true that "[a] State's interest in the contempt process, through which it vindicates the regular operation of its judicial system, so long as that system itself affords the opportunity to pursue federal claims within it, is surely an important interest," *Juidice v. Vail*, 430 U.S. 327, 335 (1977), this Court, unlike in cases such as *Juidice*, in not "interfer[ing] in a case where the proceedings were already pending in a state court." *Id.*

In addition, proposed Intervenors cite the *Colorado River* doctrine, addressed above. For all the reasons stated herein, I do not believe consideration of wise judicial administration,

8

conservation of judicial resources, and comprehensive disposition of litigation have any force here, when the case is at its end.

Finally, proposed Intervenors argue that the Plaintiffs in this case are not the real parties in interest in this dispute, because they are not the class representatives from the *Lindauer* litigation. Plaintiffs here allege damages to their own financial interests and are, as a matter of law, real parties in interest under Fed. R. Civ. P. 17(a). Proposed Intervenors cite no principle of law requiring that all beneficiaries to every settlement agreement must be present in any subsequent lawsuit concerning the interpretation of that agreement. Under proposed Intervenors' argument, if the original class representatives from *Lindauer* choose not to file a lawsuit alleging that they are being denied royalties under the settlement agreement, no one in the class could. That is not correct.

Therefore, for the foregoing reasons, "[o]n this non-jurisdictional prudential matter, [I] do not dismiss this case on comity grounds." *Direct Mktg. Ass'n v. Brohl*, 814 F.3d 1129, 1134 (10th Cir. 2016). The Court will **vacate** its order of dismissal.

### III.  CONCLUSION

The Unopposed Motion to Reconsider the Court's November 9, 2018 Order [filed November 20, 2018: ECF No. 100] is **granted.** This Court's order dismissing this action [filed November 9, 2018; ECF No. 98] is **vacated**. **The Clerk is directed to reopen this case.** The parties are directed to file a status report concerning their proposal for conducting the fairness hearing and dismissing this case.

9

Dated and entered at Denver, Colorado, this 23rd day of January, 2019.

                BY THE COURT:

                *Michael E. Hegarty*

                Michael E. Hegarty
                United States Magistrate Judge