IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**United States Magistrate Judge Michael E. Hegarty**

Civil Action No. 17-cv-01990-MEH

ELNA SEFCOVIC, LLC,
WHITE RIVER ROYALTIES, LLC,
JUHAN, LP, and
ROY ROYALTY, INC., individually and on behalf of all others individually situated,

    Plaintiffs,

v.

TEP ROCKY MOUNTAIN LLC,

    Defendant.

_____

**ORDER APPROVING CLASS SETTLEMENT
AND FINAL JUDGMENT**
_____

The parties have filed a "Joint Motion for Final Approval of Class Settlement." ECF No. 92. After extensive briefing and a full fairness hearing on the merits of the proposed settlement, the Court enters its findings and conclusions as follows:

A. On July 18, 2017, Plaintiffs Elna Sefcovic, LLC and Juhan, LP filed a Class Action Complaint against TEP Rocky Mountain, LLC (TEP), TRDC LLC, and G2X Resources LLC ("the *Sefcovic* Case") in the District Court for the City and County of Denver, Colorado, alleging generally that TEP underpaid royalties to Plaintiffs and similarly situated royalty and overriding royalty owners over a six-year period. These underpayments were alleged to be in breach of the Plaintiffs' royalty instruments and the terms of a class action settlement agreement reached in 2008 in *Lindauer v. Williams*

1

*Production RMT Co.*, 2006-CV-317 (Garfield County, Colorado District Court) ("the *Lindauer* Settlement Agreement"). TEP denies that it underpaid royalties.

B. On August 17, 2017, TEP removed the *Sefcovic* Case to this Court. Plaintiffs voluntarily dismissed TRDC LLC and G2X Resources LLC on September 26, 2017. TEP filed its Answer and Counterclaim on September 28, 2017. Plaintiffs filed their First Amended Class Action Complaint and Demand for Jury Trial on February 22, 2018, to which TEP filed its Answer and Counterclaim on March 8, 2018. Plaintiffs filed their Second Amended Class Action Complaint and Demand for Jury Trial on January 29, 2019 (adding White River Royalties, LLC as a named Plaintiff), to which TEP filed its Answer and Counterclaim on February 11, 2019.

C. On August 13, 2018, the Parties filed their Joint Motion for Order (1) Preliminarily Approving Class Settlement, (2) Provisionally Certifying Opt-Out Settlement Class, (3) Approving Notice to Class Members, (4) Establishing Opt Out and Objection Procedures, and (5) Setting a Final Hearing Date to Consider Final Approval of the Class Settlement, Attorneys' Fees, Expenses, and Incentive Awards (ECF No. 56). In the proposed settlement ("the Settlement Agreement"), TEP agreed to pay over $10 million to resolve the class' royalty underpayment claims on TEP's production and sale of natural gas (and natural gas liquids) since July 2011, extending to TEP's royalty payments prior to June 1, 2018. In addition, TEP also agreed to a method of calculating royalties paid on or after June 1, 2018 to certain owners under particular royalty instruments.

D. On August 16, 2018, this Court granted the Plaintiffs' and Defendant's ("the Parties") joint motion to provisionally certify, for settlement purposes, the proposed Class and its four Subclasses ("the Settlement Class") under Fed. R. Civ. P. 23(a) and (b)(3) ("the

2

Preliminary Order"). ECF No. 61. In the Preliminary Order, the Court found that each of the requirements for certification of a Rule 23(b)(3) Class has been satisfied in this case. The Court further found preliminarily that, among other things, the Settlement Agreement was fair, reasonable and adequate. The Order directed that notice of the proposed Settlement Agreement be mailed to the Settlement Class. The Court also set a final fairness hearing date. Thereafter, TEP paid $10,025,308.00 into an escrow account maintained by Bank of Oklahoma Financial ("the Settlement Amount"), representing the total settlement funds identified in Paragraph 2 of the Settlement Agreement.

E. A Notice informing the certified Class of the certification of this case as a class action and of the proposed Settlement Agreement was mailed to approximately 643 members of the Class on August 21, 2018. The Notice informed the members of the Class of their right to exclude themselves from the Settlement Class. Thirty-six individuals and entities elected to exclude themselves from the Settlement Class. The excluded entities and individuals ("the Settlement Class Excluded Individuals and Entities") are not part of the Settlement Class on whose behalf the proposed Class Settlement has been negotiated.

F. On October 30, 2018, the Parties filed their Joint Motion for Final Approval of Class Settlement seeking approval of a settlement of certain claims existing between the Settlement Class and TEP ("the Released Claims"). The extent of the Released Claims is discussed in the Settlement Agreement and, more specifically, in Paragraph 6 of the Settlement Agreement (limiting releases to calculation of royalties paid by TEP prior to June 1, 2018).

G. The Settlement Class is defined as follows:

All persons and entities to whom TEP has paid royalties and/or overriding royalties, and deducted post-production costs from those royalties and/or overriding royalties, including

3

owners whose royalties currently are held in suspense, since July 1, 2011, on natural gas production from any well subject to the oil and gas lease agreements which the settling parties in the Lindauer Settlement identified as Category 2, Category 3, Category 5, and Category 11 instruments.

The proposed Settlement Agreement divides the Settlement Class into four Subclasses, as follows:

**Subclass 1**: Elna Sefcovic, LLC, White River Royalties, LLC, and all persons and entities to whom TEP has paid royalties, and deducted post-production costs from those royalties, including owners whose royalties currently are held in suspense, since July 1, 2011, on natural gas production from any well subject to the oil and gas lease agreements which the settling parties in the Lindauer Settlement identified as either Category 2 or Category 3 royalty instruments.

**Subclass 2**: Juhan, LP, and all persons and entities to whom TEP has paid royalties and/or overriding royalties, and deducted post production costs from those royalties and/or overriding royalties, including owners whose royalties currently are held in suspense, since July 1, 2011, on natural gas production from any well subject to the oil and gas lease agreements which the settling parties in the Lindauer Settlement identified as Category 5 instruments, and that currently are identified by TEP as Category 5 instruments.

**Subclass 3**: Roy Royalty, Inc., Juhan, LP, and all persons and entities to whom TEP has paid royalties and/or overriding royalties, and deducted post-production costs from those royalties and/or overriding royalties, including owners whose royalties currently are held in suspense, since July 1, 2011, on natural gas production from any well subject to the oil and gas lease agreements which the settling parties in the Lindauer Settlement identified as Category 11 instruments, and that currently are identified by TEP as Category 11 instruments.

**Subclass 4**: Juhan, LP, and all persons and entities to whom TEP has paid royalties and/or overriding royalties, and deducted post production costs from those royalties and/or overriding royalties, including owners whose royalties currently are held in suspense, since July 1, 2011, on natural gas production from any well subject to the oil and gas lease agreements which the settling parties in the Lindauer Settlement identified as Category 5 or 11 instruments, but that currently are not identified by TEP as exclusively Category 5 or Category 11 instruments.

H. Attached as Exhibit A to the joint motion for preliminary approval of the settlement (ECF No. 56) is the Settlement Agreement describing the Released Claims that are being settled and setting forth the terms of the Parties' Settlement Agreement. The Settlement

4

      Agreement is attached hereto as Exhibit 1 and its terms, including the definitions, are incorporated into this Order Approving Final Settlement as if fully set forth herein.

I. In accordance with the Court's Preliminary Order, Plaintiffs caused to be mailed to potential members of the Settlement Class a notice ("the Settlement Notice") in the form approved by the Court in the Preliminary Order. The Court finds that the Settlement Notice provided to potential members of the Settlement Class constituted the best and most practicable notice under the circumstances and included individual notice to all members of the Settlement Class who could be identified by reasonable effort, thereby complying fully with due process and Rule 23 of the Federal Rules of Civil Procedure.

J. On February 20, 2019, the Court held a hearing on the proposed Settlement Agreement, at which time all interested persons were given an opportunity to be heard. The Court entertained extensive argument, both in briefs and in several hearings including the fairness hearing, from attorneys representing both non-Class members (individuals or entities who were class members in the decade-old *Lindauer* settlement in state court) and attorneys for individuals and entities who voluntarily excluded themselves from this Settlement Class. The Court also received testimony from accounting experts.  The principal argument advanced by the settlement objectors is the uncertainty of future obligations by the Settlement Class to incur deductions from their royalty payments based on post-production costs.  However, based on the evidence presented to me, those uncertainties have always been present even since the decade-old *Lindauer* settlement that preceded this case; the royalty holders are aware of those uncertainties and still believe this Settlement Agreement is in their best interests; and this Settlement Agreement does not preclude future legal

      action based on alleged wrongful conduct of TEP in calculating future royalty payments. Therefore, this argument is not a basis to reject an otherwise fair and just settlement.

K. The Court has read and considered all submissions in connection with the Settlement Agreement. Having done so, the Court has determined that approval of the Settlement Agreement (1) will bestow a substantial economic benefit on the Settlement Class, (2) will result in substantial savings in time and money to the litigants and the Court; (3) will further the interests of justice; (4) is the product of good faith arm's length negotiations between the Parties who are represented by very experienced and capable counsel; (5) was negotiated in a case involving serious questions of law and fact, including TEP's argument that it was entitled to an offset of ad valorem taxes from the Settlement Class members, which placed the ultimate outcome of the litigation in doubt; (6) will further the Settlement Class members' interest in immediate recovery as opposed to waiting for the outcome of protracted litigation; and (7) has been considered by the Settlement Class members, who overwhelmingly believe it is in their best interests to enter into the Settlement Agreement.

NOW, THEREFORE, GOOD CAUSE APPEARING, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Joint Motion for Final Approval of Class Settlement, ECF No. 92, is **granted**.

2. The Settlement Agreement, including the terms defined therein, is incorporated herein. The Court has jurisdiction over the subject matter of this litigation and all parties to this litigation, including all members of the Settlement Class.

3. The certified Settlement Class and Subclasses are defined for purposes of the Agreement and this Order Approving Final Settlement as set forth in Paragraphs D, E, and G above. There are questions of law and fact common to the Settlement Class and Subclasses. The claims of the Plaintiff class representatives are typical of the claims of

    the Settlement Class and Subclasses. The Plaintiff class representatives will fairly and adequately protect the interests of the Settlement Class and Subclasses. The prerequisites to maintain this action as a class action set forth in Fed. R. Civ. P. 23(a) are met.

4. The questions of law and fact common to all members of the Settlement Class and Subclasses predominate over questions, if any, affecting only individual members, and a class action is superior to any other available method for the fair and efficient adjudication of the controversy. The requirements of Fed. R. Civ. P. 23(b)(3) are met. Accordingly, the Settlement Class and Subclasses identified above are certified pursuant to Fed. R. Civ. P. 23(b)(3).

5. Plaintiffs Elna Sefcovic, LLC, White River Royalties, LLC, Juhan LP, and Roy Royalty, Inc, are designated as the Class Representatives.  George A. Barton and Stacy A. Burrows of the Law Offices of George A. Barton, P.C. are designated as Class Counsel.

6. This Settlement Agreement was made in good faith and its terms are fair, reasonable and adequate as to the Settlement Class and Subclasses. Therefore, the Settlement Agreement is approved in all respects, and shall be binding upon, and inure to the benefit of, all members of the Settlement Class and Subclasses.

7. The Settlement Class Excluded Individuals and Entities are not bound by either the Agreement or Order Approving Final Settlement and may pursue their own individual remedies, if any, as to any of the Released Claims.

8. Mutual Releases, Covenants and Warranties.

<u>Release by TEP</u>.  Upon the occurrence of the Approval Event and the release and distribution of the Settlement Funds from the Escrow Account pursuant to Paragraphs 2 and 5 of the Settlement Agreement, TEP, for itself and its agents, officers, directors, partners, partnerships, parents, shareholders, employees, consultants, subsidiaries, affiliates, insurers, successors and assigns, fully and forever releases and discharges the Settlement Class, and each of them, from any and all Released Claims, except for rights and obligations created by this Settlement Agreement. It is understood and agreed that this Release extends to, but is not limited to, the counterclaim asserted by TEP.

<u>Release by Settlement Class Members</u>. Upon the occurrence of the Approval Event and the release of the Settlement Funds from the Escrow Account pursuant to Paragraphs 2 and 5 of the Settlement Agreement, the Settlement Class and Subclasses, and each of them, for themselves and their respective heirs, agents, officers, directors, shareholders, employees, consultants, joint venturers, partners, members, legal representatives, successors and assigns, fully and forever release and discharge TEP from any and all Released Claims, except for the rights and obligations created by this Settlement Agreement.

9. No Release of Non-Parties. Nothing herein shall operate or be construed to release any claims the Parties may have against any person or entity who is not a party hereto.

10. This action and any and all claims, actions or causes of action alleged by Plaintiffs, individually and on behalf of the Settlement Class members against TEP, and any and all counterclaims, actions or causes of action alleged by TEP against the Settlement Class members, are dismissed with prejudice.

11. Neither this Order Approving Final Settlement, the Settlement Agreement, nor any document referred to herein nor any action taken pursuant to -- or to carry out -- the Settlement Agreement may be used as an admission by or against TEP of any fact, claim, assertion, matter, contention, fault, culpability, obligation, wrongdoing or liability whatsoever. The Settlement Agreement and its exhibits may be filed in any subsequent action against or by Settlement Class members or TEP to support a defense of res judicata, collateral estoppel, release, or other theory of claim preclusion, issue preclusion or similar defense.

12. Allocation of the Settlement Amount shall proceed as stated in the Settlement Agreement. Specifically, payments shall be made pursuant to the Final Distribution Schedule, which represents the Settlement Class members' proportionate share of the Settlement Amount defined in Paragraph 2 of the Settlement Agreement, less the amounts awarded for attorneys' fees and expenses, as well as incentive award payments, made by separate order. The Court approves the Final Distribution Schedule and the manner in which the Final Distribution Schedule was prepared. Class Counsel shall distribute payments to the Class members consistent with the Final Distribution Schedule, as provided in Paragraph 5 of the Settlement Agreement.

13. The Court has, by separate order, granted Class Counsel's Motion for an Award of Attorneys' Fees, Expenses, and an Incentive Award Payment to Class Representatives (ECF No. 93). The amount of attorneys' fees and expenses awarded to Class Counsel shall be distributed to Class Counsel from the Escrow Account pursuant to the terms of the Escrow Agreement. If this Order Approving Final Settlement is reversed on appeal, Class Counsel shall be jointly obligated to refund to TEP the amount of

attorneys' fees and expenses paid, with statutory interest, within 15 days of the date of such reversal. If the amount of attorneys' fees or expenses is reduced on appeal, Class Counsel and their law firms shall be jointly obligated to refund to the Escrow Account the difference between the amount paid to them pursuant to this Paragraph 12 and the amount ultimately awarded, with statutory interest, within 30 days of the date of the order or decision reducing the amount of fees or expenses awarded. TEP shall have no liability to the Settlement Class and Subclasses, the Settlement Class members, or Class Counsel to pay any funds in addition to the Settlement Funds paid.

14. The Court reserves jurisdiction over this matter, the Parties, and all counsel herein, without affecting the finality of this Order Approving Final Settlement, including over (a) implementing, administering and enforcing this Settlement and any award or distribution from the Settlement Funds; (b) disposition of the Settlement Funds; and (c) other matters related or ancillary to the foregoing.

15. Nothing set forth in this Order Approving Final Settlement shall be construed to modify or limit the terms of the Agreement, but rather, the Agreement and this Order Approving Final Settlement are to be construed together as one Settlement between the Parties.

16. The Settlement and this Order Approving Final Settlement shall have no res judicata, collateral estoppel, or other preclusive effect as to any claims other than the Released Claims.

SO ORDERED.

DATED this 15th day of March, 2019, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge